[No. S027672. Sept. 13, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
MONROE JONES, Defendant and Appellant.

COUNSEL

Scott F. Kauffman, under appointment by the Supreme Court, for Defendant and Appellant.

Kathleen Kahn and J. Bradley O'Connell as Amici Curiae on behalf of Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama and Ronald A. Bass, Assistant Attorneys General, Ronald S. Matthias, Joanne S. Abelson, Jeff Rubin and David H. Rose, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**MOSK, J.**—Did the electorate intend, when it enacted Proposition 8, for a sentence to prison to be enhanced both for a prior conviction and for a prison

term imposed for that conviction? We conclude not; hence, defendant's unstayed sentence must be reduced from 32 to 31 years' imprisonment.

Defendant was tried for a sexual assault on a fellow county jail inmate. The 18-year-old victim, a resident of Merrimack, New Hampshire, had arrived in San Francisco 12 days before he was arrested for marijuana possession with intent to sell.

The victim testified that defendant approached him because, in the victim's words, defendant thought he was "cute and feminine." Defendant gave the victim certain favors, including cigarettes and commissary food, but when the victim rebuffed defendant's sexual advances, he cornered him in a cell for about an hour and, against his will, inserted his finger in his rectum and sodomized him three times.

Defendant testified in his own behalf. He admitted that he and the victim had sex, but said that he and the victim are gay men and that the sex both was consensual and was offered in exchange for defendant's payment of money. He further testified that he penetrated the victim twice, not three times, and that he did not insert his finger into him.

The jury found defendant guilty of three counts of forcible sodomy—a violation of Penal Code section 286, subdivision (c)—and one count of sexual penetration with his finger—a violation of Penal Code section 289, subdivision (a).[1]

The court, commenting on the victim's vulnerability, sentenced defendant under the harsh regime of subdivisions (c) or (d) of section 667.6—the court declared subdivision (d) should apply, but, if not, then subdivision (c) would. (See Cal. Rules of Court, rule 426.) Both subdivisions provide for full consecutive terms of imprisonment for recidivist sexual offenders. Hence the court sentenced defendant to consecutive middle terms of six years' imprisonment on each count, with one 6-year count to constitute the principal or base term.

The court found that defendant had been sent to prison for three prior felonies, and therefore qualified for three 1-year enhancements of his sentence under section 667.5, subdivision (b). The court further found that one of the three prior felonies, an aggravated form of kidnapping (§ 209), also qualified as a "serious felony" under section 667, subdivision (a), and therefore permitted the court to impose an additional five-year sentence enhancement.

---

[1]Unlabeled statutory references are to this code.

Accordingly, the court added eight years to defendant's twenty-four-year sentence for his current crimes. Defendant objected to the cumulative enhancement of his sentence under sections 667 and 667.5 for his prior offense of kidnapping. On appeal, he contends that California law and the federal Constitution prohibit two enhancements for that one prior offense.

## I.

Defendant was sentenced under a statutory and constitutional scheme enacted by the voters in 1982 as part of Proposition 8. ■ In construing that scheme, "We begin with the fundamental rule that our primary task is to determine the lawmakers' intent. (*Brown* v. *Kelly Broadcasting Co.* (1989) 48 Cal.3d 711, 724 [257 Cal.Rptr. 708, 771 P.2d 406].) In the case of a constitutional provision adopted by the voters, their intent governs. (*Kaiser* v. *Hopkins* (1936) 6 Cal.2d 537, 538 [58 P.2d 1278]; *Armstrong* v. *County of San Mateo* (1983) 146 Cal.App.3d 597, 618 [194 Cal.Rptr. 294].) To determine intent, ' "The court turns first to the words themselves for the answer." ' (*Brown* v. *Kelly Broadcasting Co.*, *supra*, 48 Cal.3d 711, 724, quoting *Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) 'If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute) or of the voters (in the case of a provision adopted by the voters).' (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)" (*Delaney* v. *Superior Court* (1990) 50 Cal.3d 785, 798 [268 Cal.Rptr. 753, 789 P.2d 934].)

Proposition 8 added section 667, which provides in part:

"(a) In compliance with subdivision (b) of Section 1385, any person convicted of a serious felony [as defined in subdivision (c) of section 1192.7 and section 1192.8] who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively.

"(b) This section shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment. There is no requirement of prior incarceration or commitment for this section to apply."

As stated, Proposition 8 also amended the California Constitution. The relevant language provides: "Any prior felony conviction . . . shall subsequently be used without limitation for purposes of . . . enhancement of sentence in any criminal proceeding." (Cal. Const., art. I, § 28, subd. (f).)

Some years before the electorate enacted Proposition 8, the Legislature enacted section 667.5 as part of the Determinate Sentencing Act. (Stats. 1976, ch. 1139, § 268, pp. 5137-5139; see *Review of Selected 1977 California Legislation* (1978) 9 Pacific L.J. 281, 470-471.) Section 667.5 provides in relevant part:

"(a) Where one of the new offenses is one of the violent felonies specified in subdivision (c), in addition and consecutive to any other prison terms therefor, the court shall impose a three-year term for each prior separate prison term served by the defendant where the prior was one of the violent felonies specified in subdivision (c). However, no additional term shall be imposed under this subdivision for any prison term served prior to a period of 10 years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction."

"(b) Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony; provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction."

## II.

It is clear that the electorate's intent in enacting article I, section 28, subdivision (f) of the California Constitution and simultaneously promulgating section 667 was to increase sentences for recidivist offenders. The more obdurate the offender, the greater the sentence to be imposed. As we explained in *People* v. *Prather* (1990) 50 Cal.3d 428, 437 [267 Cal.Rptr. 605, 787 P.2d 1012] (*Prather*), the changes enacted under Proposition 8 were intended to achieve "increased punishment and effective deterrence . . . by increasing the total period of imprisonment for recidivist offenders." (*Id.* at p. 435.)

In keeping with that logic, the Court of Appeal rejected defendant's contention that both enhancements may not apply to his prior offense. It

reasoned in part that the two statutes were meant to punish individuals according to two different statuses, and that defendant suffered from both. "Prior felony convictions indicate a habitual offender; a prior prison term indicates a hardened criminal who is undeterred by the fear of prison. [Citations.] We conclude that the drafters of these provisions [sections 667 and 667.5] knew what they were doing in employing these different phrases in the two subject enhancement statutes."

The Court of Appeal's statement is unpersuasive, however, because its premise—that sections 667 and 667.5 identify and punish differently situated individuals—runs afoul of *Prather*.

The issue we decided in *Prather, supra*, 50 Cal.3d 428, was whether article I, section 28, subdivision (f) of the California Constitution forbade applying the double-the-base-term limit of section 1170.1 to prior prison term enhancements under section 667.5.

The constitutional provision specifies that "Any *prior felony conviction* . . . shall subsequently be used without limitation for purposes of . . . enhancement of sentence in any criminal proceeding." (Italics added.) The defendant in *Prather, supra*, 50 Cal.3d 428, relied on the italicized language to argue that because the California Constitution barred only limitations on enhancements based on prior felony convictions, and section 667.5, subdivision (b) instead provided an enhancement for prior prison terms, the Constitution's prohibition did not apply to him, and hence an enhancement under section 667.5, subdivision (b), could not be imposed on him, given the double-the-base-term limit.

We rejected the *Prather* defendant's view, concluding that the distinction between prior prison terms and prior felonies for enhancement purposes was "untenable" and, by inference, "hypertechnical" and " 'supertechnical.' " (50 Cal.3d at p. 439.) We held that the California Constitution's language, notwithstanding its specification that it apply to "prior felony conviction[s]," applied also to prior prison terms, and therefore the double-the-base-term limitation did not apply. We stated, as was necessary to reach our conclusion, "We think it clear that section 667.5(b) is aimed primarily at the underlying felony conviction, and only secondarily, and as an indicium of the felony's seriousness, at the prior prison term. That is, we believe section 667.5(b), fairly read, merely provides a special sentence enhancement for that particular *subset* of 'prior felony convictions' that were deemed serious enough by earlier sentencing courts to warrant actual imprisonment. . . . Accordingly, we hold that the broad mandate of article I, section 28, subdivision (f), concerning the use of any 'prior felony conviction[s]' for

enhancement purposes, necessarily includes the *lesser category* of enhancements based on prior felony convictions for which imprisonment was imposed." (*Prather, supra,* 50 Cal.3d 428, 440, last italics added.)

The dissent urges that we view the facts of prior conviction and prior prison term as dissimilar for purposes of determining whether a defendant may be exposed to two enhancements for the same prior offense. We cannot do so and be faithful to *Prather, supra,* 50 Cal.3d 428, which, as seen, described the distinction the dissent urges as "untenable" and by inference "hypertechnical" and " 'supertechnical.' " (50 Cal.3d at p. 439.)

## III.

Having concluded that both enhancements apply to the same facts—the prior conviction of a felony—we must decide whether the voters nonetheless intended the enhancements to be imposed cumulatively.

### A.

Our inquiry is aided by the fact that, unlike the statutes we considered in *Prather, supra,* 50 Cal.3d at p. 437, the same voters who enacted the constitutional provision put in place section 667. At the same time we are hindered by ambiguities in the constitutional and statutory language we must consider.

As stated, subdivision (b) of section 667 provides, "This section shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment. There is no requirement of prior incarceration or commitment for this section to apply."

The electorate's contemporaneous construction of the ambiguous (*Prather, supra,* 50 Cal.3d at p. 437) language in article I, section 28, subdivision (f) of the state Constitution, by way of a simultaneous amendment to the Penal Code, if not completely binding on us, at a minimum is entitled to great deference. (*San Francisco* v. *Industrial Acc. Com.* (1920) 183 Cal. 273, 279-280 [191 P. 26]; *Railroad Comm'rs* v. *Market St. Ry. Co.* (1901) 132 Cal. 677, 680-681 [64 P. 1065]; see also *Izazaga* v. *Superior Court* (1991) 54 Cal.3d 356, 373 [285 Cal.Rptr. 231, 815 P.2d 304] [suggesting courts should strive to harmonize simultaneously enacted constitutional provisions and implementing statutes]; *Amador Valley Joint Union High Sch. Dist.* v. *State Bd. of Equalization* (1978) 22 Cal.3d 208, 245-246 [149 Cal.Rptr. 239, 583 P.2d 1281].)

Section 667, however, does not specifically state whether only the greater enhancement available under sections 667 and 667.5 is available, as opposed

to both. Thus not only is the constitutional provision ambiguous, but so is the contemporaneous construing statute. In our view, however, the most reasonable reading of subdivision (b) of section 667 is that when multiple statutory enhancement provisions are available for the same prior offense, one of which is a section 667 enhancement, the greatest enhancement, but only that one, will apply.

Any other reading of the subdivision would lead to peculiar results. If a prior felony is "violent" enough to qualify for an enhancement under section 667.5, it will a fortiori be noxious enough to qualify as "serious" under subdivision (a) of section 667, and will almost always have resulted in a prison term. The result is that five-year enhancements will become eight-year enhancements in all but a very few cases. (Compare §§ 1192.7, subd. (c), 1192.8 [describing 28 categories of serious felonies for purposes of section 667, subdivision (a)] with § 667.5, subd. (c) [describing violent felonies for purposes of section 667.5, subdivision (a)—a cluster of felonies that is a subset of sections 1192.7's and 1192.8's serious felonies].) If the drafters of Proposition 8 meant to confer eight-year enhancements on those who previously committed serious felonies, rather than five-year enhancements, they could have done so by repealing section 667.5 and providing for the longer enhancement in section 667. Title 16 of part I of the Penal Code shows that the Legislature has no difficulty prescribing long terms for particularly bad recidivism. (See, e.g., §§ 667.51, 667.6, 667.7, 667.75.) No less is true of the electorate.

Defendant, of course, received not the three-year enhancement under subdivision (a) of section 667.5, but rather a one-year enhancement under subdivision (b)—an enhancement available for "any felony" if the felon served time in prison for "any felony" and showed an inability to reform. Many felonies serious enough to require incarceration, however, are likely to be encapsulated in section 1192.7, subdivision (c), and therefore will subject the recidivist offender to the five-year enhancement of section 667, subdivision (a), on the commission of a new and serious felony. ██ ██ ██ Just as it would be anomalous for the law to impose an eight-year enhancement when the voters specified five, so also would it be for the law to impose a six-year enhancement when the voters specified five.[2]

We do not view the language of the state Constitution as in conflict with this result. If we were to read that language literally, we would have to

---

[2]Nor has the Legislature decided to impose the enhancements cumulatively since the original enactment of sections 667 and 667.5.

Title 16 of part I of the Penal Code reveals the ease of specifying that a section 667 enhancement is to apply cumulatively to another, rather than in the alternative. Section 667.9 specifies that a person who commits certain violent crimes against a person under 14, over 65, or disabled, or who has a prior conviction for those crimes or first degree burglary and commits another such crime against a victim of that type, shall have his or her sentence

conclude that section 667, subdivision (b), itself was without effect, for it limits the imposition of a section 667 enhancement when a greater enhancement is available elsewhere. It is plain that the voters did not intend to make the provisions of Proposition 8 self-canceling.[3]

B.

In *Prather, supra,* 50 Cal.3d 428, we stated that Proposition 8's constitutional provision did not divest the Legislature of its power to define enhancements, as opposed to imposing general conditions on them. "Implicit in this interpretation is the notion that, in some cases, a particular statutory restriction on the use of an enhancement may be so integrally related to an enhancement provision that it may be said to constitute either an essential definitional element of the enhancement itself, or a necessary precondition to application of the enhancement in a particular context, in which case the definitional restriction should not be considered a 'limitation' for purposes of article I, section 28 [of the Constitution].

---

enhanced "in addition to the sentence provided under Section 667." (§ 667.9, subds. (a), (b).) The Legislature has amended both sections 667 (Stats. 1986, ch. 85, § 1.5, p. 211) and 667.5 (Stats. 1986, ch. 645, § 1, p. 2165) since the passage of Proposition 8, and has never chosen to specify a cumulative term of imprisonment as it did with section 667.9. The Legislature's use of sentencing language cumulative to section 667 in section 667.9 and its omission of such language in section 667.5 show an intent not to require enhancements under both sections 667 and 667.5. (*Pasadena Police Officers Assn.* v. *City of Pasadena* (1990) 51 Cal.3d 564, 576 [273 Cal.Rptr. 584, 797 P.2d 608].)

[3]The dissent maintains that subdivisions (d), (e), and (h) of section 1170.1 show the Legislature intended section 667 and section 667.5 enhancements to be imposed cumulatively. (Dis. opn. of Lucas, C. J., *post*, pp. 1158-1159, 1160, 1161-1162.) We believe the dissent proves too much. Taking the dissent's reasoning to its logical end would lead to absurd results elsewhere. Section 1170.1, subdivision (d), mandates, for example, that a court impose "the additional terms" provided in section 12022.6, which deals with property losses incurred as a result of certain unlawful conduct. Subdivision (e) of section 1170.1, which specifies that when two or more enhancements are available under certain sections, only the greatest shall apply, does not include section 12022.6. Therefore, under the dissent's view, we would have to conclude the Legislature intended, in section 12022.6, four-year enhancements to be ten, three-year enhancements to be six, and two-year enhancements to be three, because section 12022.6 provides for one- to four-year enhancements, in one-year increments, for property losses exceeding $50,000, $150,000, $1 million, and $2.5 million, and it is logically compelled that a greater loss includes all lesser losses. (*Id.*, subds. (a), (b), (c), (d).) In the same vein, Health and Safety Code section 11370.4, subdivision (a), enacted in 1985, provides that conviction of commerce in certain unlawful drugs will result in an enhancement whose duration increases with the substance's weight. But just as it would frustrate the legislative intent to conclude that a former version of Health and Safety Code section 11370.4 and a former version of Penal Code section 1170.1 stand for a rule that "those defendants possessing more than 25 pounds of a controlled substance would be punished the same as those with 10 pounds" (*People* v. *Pieters* (1991) 52 Cal.3d 894, 901 [276 Cal.Rptr. 918, 802 P.2d 420]), so it would do to conclude that Health and Safety Code section 11370.4 and Penal Code section 1170.1 command, for example, that a sale of 4.1 kilograms of cocaine should result in an eight-year enhancement when the Legislature specified five years.

"An illustration may prove useful. Under the foregoing theory, the Legislature could properly restrict enhancements to only 'serious' felonies, but could not effectively prohibit enhancements by imposing a general cap on the overall length of a sentence. Both examples would 'limit' enhancements. But the former category acts to limit the applicable class of criminals . . . whereas the latter limitation operates generally, placing a ceiling on the number of enhancements that may be used. This example indicates two important considerations in determining the permissibility of a limitation: . . . the level of generality . . . and . . . the purpose behind the limitation . . . . [¶] We are persuaded . . . that general caps or ceilings on overall length of sentence, such as the one contained in [section] 1170.1(g), are not of such conditional or definitional character and, accordingly, may not be applied to limit the use of prior felony convictions for sentence enhancement purposes." (*Prather, supra*, 50 Cal.3d at pp. 438-439.)

We find this language to be in accord with our conclusion that subdivision (b) of section 667 permits only the greatest enhancement to be imposed. To limit the enhancement to the longest available is a definitional rather than a general cap: the effect is to place the conviction in the proper category.

### C.

In large part, the parties focus on their diametrically different interpretations of section 654.[4] Defendant contends that provision forbids what he views as multiple punishment for the same prior offense—namely, his conviction of and sentence to prison for kidnapping.

The appellate courts have disagreed on whether section 654 applies to enhancements. (Compare, e.g., *People* v. *Rodriguez* (1988) 206 Cal.App.3d 517, 519 [253 Cal.Rptr. 633] with *People* v. *Hopkins* (1985) 167 Cal.App.3d 110, 117-118 [212 Cal.Rptr. 888].) We need not decide this issue to resolve the specific question now before us. That is so because, as we have shown, the statutory scheme permits a narrower resolution of this matter. Nor is there a need to address defendant's contention that his federal constitutional rights have been violated, for we have granted the relief requested on state law grounds.

### IV.

California law makes plain an intent that certain recidivism be severely punished. The sentence imposed under section 667.6 and the enhancement

---

[4]Section 654 states, "An act or omission . . . made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

available under section 667 had this effect. But the voters did not specify that enhancements under sections 667 and 667.5 were both to apply to the same prior offense; rather, subdivision (b) of section 667 and the rules of statutory construction lead us to the opposite conclusion.

The case is remanded to the trial court with directions to strike the one-year enhancement of defendant's sentence for his prior offense of kidnapping under subdivision (b) of section 667.5, and to send to the Department of Corrections a corrected abstract of judgment. In all other respects, the judgment is affirmed.

Kennard, J., Arabian, J., and George, J., concurred.

**LUCAS, C. J.**—I respectfully dissent.

The majority professes adherence to fundamental rules of statutory construction in concluding that Penal Code section 667[1] "prior serious felony conviction" enhancements, and section 667.5, subdivision (b) "prior prison term" enhancements, cannot separately be imposed for a prior serious felony conviction and the prior prison term served therefor. The majority correctly observes that when construing a statute, our primary task is to ascertain the lawmakers' intent. (*Brown* v. *Kelly Broadcasting Co.* (1989) 48 Cal.3d 711, 724 [257 Cal.Rptr. 708, 771 P.2d 406].) In determining that intent, " 'The court turns first to the words themselves for the answer.' " (*Ibid.*, quoting *People* v. *Knowles* (1950) 35 Cal.2d 175, 182 [217 P.2d 1].) "If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute) or of the voters (in the case of a provision adopted by the voters)." (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299]; maj. opn., *ante*, p. 1146.)

In actuality, the majority has ignored those basic rules of construction in deciding this case.

We are first told that article I, section 28, subdivision (f) of the state Constitution (hereafter article I, section 28(f))—enacted by the electorate as part of Proposition 8, which amended our state Constitution to now provide that "Any prior felony conviction of any person in any criminal proceeding, whether adult or juvenile, shall subsequently be used without limitation for purposes of impeachment or enhancement of sentence in any criminal proceeding"—is "ambiguous." (Maj. opn., *ante*, p. 1149.) There is little,

---

[1] All further statutory references are to this code unless otherwise indicated.

if any, ambiguity. But, more importantly, as will be explained, that constitutional provision is not even directly implicated in the issue we face in this case.

We are then told the statute we are charged with construing—section 667—which provides for a mandatory five-year enhancement upon conviction of certain statutorily enumerated "serious felonies," where the offender has previously been convicted of one or more such serious felonies, is likewise "ambiguous." (Maj. opn., *ante*, pp. 1149-1150.) Again, there is no ambiguity.

The majority declares itself "hindered" by these supposed ambiguities in its effort to harmonize the provisions of section 667 with those of section 667.5, subdivision (b). (Maj. opn., *ante*, p. 1149.) Enacted by the Legislature in 1976 as part of the Determinate Sentencing Act (Stats. 1976, ch. 1139, § 268, pp. 5137-5139), section 667.5, subdivision (b), provides for discretionary one-year sentence enhancements, upon conviction of *any* felony, for each *prior prison term* served in connection with *any* prior felony conviction.

The majority proceeds to resolve its dilemma in a rather unorthodox way. It fixates on this court's decision in *People* v. *Prather* (1990) 50 Cal.3d 428 [267 Cal.Rptr. 605, 787 P.2d 1012] (maj. opn., *ante*, pp. 1147-1149), in which case we determined that the voters' adoption of article I, section 28(f), abrogated the double-the-base-term sentencing limitation of section 1170.1 as applied to prior prison term enhancements imposed under section 667.5, subdivision (b). (*People* v. *Prather, supra,* 50 Cal.3d at p. 439.) Although we decided *Prather* eight years after the adoption of article I, section 28(f) and the simultaneous enactment of section 667, the majority nevertheless finds, purportedly under compulsion of our holding in that case, "that both enhancements [sections 667 and 667.5, subdivision (b)] apply to the same facts—the prior conviction of a felony . . . ," and goes on to conclude that "we must decide whether the voters nonetheless intended the enhancements to be imposed cumulatively." (Maj. opn., *ante*, p. 1149.)

As will be explained, most courts that have addressed the issue have concluded that section 667 enhancements are readily distinguished from section 667.5 enhancements, and that these enhancements do not arise from or punish the "same facts." Section 667 enhancements are attributable to *prior conviction* of a serious felony (and are applicable only upon present conviction of a serious felony), whereas section 667.5, subdivision (b) enhancements are attributable to *prior incarceration* for any felony conviction (and are applicable upon present conviction of any felony offense). As will further be explained, our holding in *Prather* does not undermine this basic distinction long recognized in the case law.

The majority ultimately concludes that section 667, *subdivision (b)* —which provides that "This section shall not be applied when the punishment imposed *under other provisions of law would result in a longer term of imprisonment*" (italics added)—really means that where the prior conviction and prison term arise from the same serious felony offense, a five-year section 667 enhancement must be imposed in lieu of a one-year section 667.5, subdivision (b) enhancement because imposition of the latter enhancement would result in a shorter term of imprisonment. As the majority puts it: "[T]he most reasonable reading of subdivision (b) of section 667 is that when multiple statutory enhancement provisions are available for the same prior offense, one of which is a section 667 enhancement, the greatest enhancement, but only that one, will apply." (Maj. opn., *ante*, p. 1150.) The majority's conclusion flies in the face of the rule of construction directing us first to the plain language of the statute in our attempt to ascertain the underlying intent. As will be shown, subdivision (b) of section 667 is susceptible of a much more straightforward interpretation, and is intended to serve a purpose unrelated to the construction the majority places on it. Several Courts of Appeal have so concluded; none has construed the provision in the manner in which the majority does today.

Finally, the matter of whether the provisions of section 654[2] apply to section 667 and section 667.5 enhancements has been viewed by most courts as central to the issue of whether those enhancements can be simultaneously imposed where both arise from the same prior serious felony conviction and prison term served therefor. Indeed, it was my understanding that we granted review in this case in large part to address that issue and settle it with some finality. Instead, the majority concludes we need not reach or decide it, because the statutory scheme, in the majority's words, "permits a narrower resolution of this matter." (Maj. opn., *ante*, p. 1152.) I disagree.

I find no ambiguities in the statutes here under scrutiny. It is readily inferable from the plain wording of section 667 that its drafters, and the voters who enacted it into law, *intended* that a prison sentence for a present conviction of a "serious felony" could be enhanced both for a prior serious felony conviction (§ 667; a mandatory enhancement), and for prior service of a prison term for *any* prior felony conviction (§ 667.5, subd. (b); a discretionary enhancement), even where the two enhancements arise from the same prior serious felony conviction and prison term served therefor. The enhancement provisions in question serve *different* purposes of deterrence, section 654 presents no impediment to the simultaneous imposition of

[2]Section 654 provides, in relevant part "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; . . ."

both, and there is nothing in the language of section 667 to suggest it was intended to supersede, or be imposed in lieu of, an otherwise applicable prior prison term enhancement. Most courts that have faced the issue have concluded both enhancements may lawfully be imposed under the circumstances present in this case.

Lastly, the majority has misconstrued the true nature and scope of our decision in *Prather, supra,* 50 Cal.3d 428, and misplaced reliance on that opinion by concluding, in essence, that it preordains their holding in this case. If the intent underlying section 667 is consistent with imposition of a prior serious felony conviction enhancement *in addition to* an otherwise applicable one-year prior prison term enhancement, and with the provisions of section 654 shown to present no impediment to the effectuation of that intent (see *post,* at pp. 1163-1167), then both article I, section 28(f), and our holding in *Prather* construing that constitutional provision, become largely irrelevant to our holding in this case.

I

The first and foremost question to be answered is whether the drafters of section 667, and the electorate which enacted it as part and parcel of Proposition 8, intended that where a recidivist offender is convicted of a new "serious" felony, his sentence may be enhanced both for (i) his having suffered a prior *conviction* of a "serious" felony (§ 667), and (ii) his *prior prison term* served for that conviction (§ 667.5, subd. (b)).

It is settled that the purpose and intent behind the recidivist offender enhancement provisions of Proposition 8 was to *increase* punishment for recidivist offenders. As we recognized in *Prather* and several earlier cases:

"We observed in *Brosnahan v. Brown* (1982) 32 Cal.3d 236, 247 [186 Cal.Rptr. 30, 651 P.2d 274], that the changes enacted pursuant to Proposition 8 were aimed, inter alia, 'at achieving *more severe punishment for, and more effective deterrence of, criminal acts.*' (Italics added.) This general concern with increased punishment and effective deterrence was to be furthered in part by increasing the total period of imprisonment for recidivist offenders. The above conclusion is apparent not only from the voters' enactment of the 'without limitation' language in article I, section 28, subdivision (f), *but also from the initiative's simultaneous adoption of section 667,* which imposes a mandatory five-year enhancement for each prior 'serious felony' conviction." (*People v. Prather, supra,* 50 Cal.3d at p. 435, fn. omitted, italics added.)

At the threshold, I note that the majority's notion that section 667, *subdivision (b),* somehow reflects an intent that prior serious felony enhancements should be imposed *in lieu of,* not in addition to, the one-year section

667.5 prior prison term enhancement already provided for by law at the time section 667 was enacted, runs counter to the very purpose and intent underlying Proposition 8's constitutional amendment and related statutory enactments: that recidivist offenders receive *more* punishment, proportionate to their increased recidivism. Both the trial court and the Court of Appeal in this case read the law as authorizing simultaneous imposition of both enhancements; so too have the majority of courts that have addressed the issue to date. One might expect that in concluding otherwise, the majority would be able to point to some fairly clear indication of contrary intent in the relevant statutes.

The majority cannot do so. Subdivision (b) of section 667 is singled out; as noted, it states in relevant part: "This section shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment." Curiously, this language is interpreted by the majority to mean that the enhancement imposed under *this* provision of law (§ 667) takes precedence over section 667.5, subdivision (b)'s *shorter term*: a one-year enhancement. I fail to see how this reasoning addresses itself to the question of whether a section 667 enhancement can be imposed in addition to, or simultaneously with, a section 667.5, subdivision (b) enhancement that otherwise applies. The majority does not cite to a single appellate decision that has so construed section 667, subdivision (b). There is none.

In actuality, as several appellate courts have recognized, section 667, *subdivision (b)*, is in all probability intended to preclude sentencing courts from imposing a five-year prior serious felony enhancement *in lieu of* the longer life prison terms applicable under the separate, mandatory habitual offender provisions found in section 667.7, which was also enacted by Proposition 8. (*See People* v. *Skeirik* (1991) 229 Cal.App.3d 444, 468 [280 Cal.Rptr. 175]; *People* v. *Lobaugh* (1987) 188 Cal.App.3d 780, 783-784 [233 Cal.Rptr. 683].) This is the most obvious and straightforward construction of the plain language of section 667, subdivision (b). The majority has had to ignore these cases, and their simple, rational, commonsense construction of subdivision (b), in order to reach its own result.

In contrast, section 667, subdivision (a), provides in pertinent part: "[A]ny person convicted of a serious felony who previously has been convicted of a serious felony . . . shall receive, in addition to the sentence imposed . . . for the present offense, a five-year enhancement for each such prior conviction . . . . The terms of the present offense and each enhancement shall run consecutively."

Section 667.5, subdivision (b), provides in pertinent part: [W]here a "new offense is any felony for which a prison sentence is imposed, in addition and

consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony; provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction."

I find nothing in the language of these sections to either expressly or impliedly preclude the imposition of section 667 *and* section 667.5, subdivision (b) enhancements that arise from the same prior serious felony conviction and service of a prison term therefor. To the contrary, the sections clearly state that both enhancements "shall" be imposed.

This mandatory language is consistent with the provisions of section 1170.1, which govern the determination of aggregate terms for multiple convictions and enhancements. Subdivision (d) of section 1170.1 provides in pertinent part: "When the court imposes a prison sentence for a felony pursuant to Section 1170 the court shall also impose the additional *terms* [plural] provided in Sections 667, 667.5, [other enumerated Penal Code sections], *and* the additional terms provided in [specified Health and Safety Code sections], unless the additional punishment therefor is stricken pursuant to subdivision (h)." (Italics added.) The section 1170.1, subdivision (h) exception authorizes the court to strike the punishment imposed by section 667.5, but not section 667, if the court determines there are circumstances in mitigation which justify elimination of the additional punishment. The fact that imposition of a section 667.5 enhancement is discretionary with the trial court is ignored by the majority, as it tends to militate against the rationale of their result.

In short, except where the trial court strikes a section 667.5 enhancement due to factors in mitigation, the express provisions of section 1170.1 compel the imposition of enhancements under sections 667 *and* 667.5, even though both arise in connection with the same prior serious felony conviction.

I recognize that the portions of the relevant statutes quoted above do not *expressly* provide that both a section 667 and a section 667.5 enhancement shall be imposed "even where they arise out of the same prior serious felony conviction and prison term served therefor." If we had such a precisely worded manifestation of intent in the relevant statutes, we undoubtedly would not have granted review in this case to construe the statutory provisions here in question. But that is *not* to say, as concludes the majority, that there are ambiguities in the statutes. When we look to all the relevant statutory language in an effort to ascertain the intent behind the statutory

enhancement scheme, what becomes apparent is that the statutory scheme does *affirmatively and expressly provide* that both categories of enhancements *shall be imposed*, and there is no explicit exception made for the simultaneous imposition of section 667 and section 667.5 enhancements arising from the same prior serious felony conviction and prison term served therefor.

The majority suggests that when the Legislature wants to authorize other enhancements to run consecutively to a section 667 prior serious felony enhancement, it knows how to make its intent clear. The example given is section 667.9, which provides for a one-year enhancement "in addition to the sentence provided under Section 667" when certain serious felonies are committed against victims over the age of 65, under the age of 14, or who are blind, paraplegic or quadriplegic. The majority points out that the Legislature amended both sections 667 and 667.5 in 1986, after the passage of Proposition 8, "and has never chosen to specify a cumulative term of imprisonment as it did with section 667.9." (Maj. opn., *ante*, p. 1151, fn. 2.)

The majority's analogy to section 667.9 is inapposite. Section 667 specifies the offenses listed in section 1192.7, subdivision (c), as those felonies that are "serious" felonies for purposes of qualifying for a prior serious felony conviction enhancement. (See § 667, subd. (d).) The enhancement provided for in section 667.9 for "serious felonies" committed against certain categories of particularly vulnerable victims *is directed at the conduct and circumstances of the present offense*. Section 667.9 thus provides that when a *present* serious felony is committed against a particularly vulnerable victim, the sentence for the *present* offense may be further enhanced by one year under section 667.9—because the victim of the *present* offense was particularly vulnerable—notwithstanding the fact that the "serious felony" nature of the present offense is also be used to determine whether the defendant qualifies for a section 667 *prior* serious felony conviction enhancement *based on his recidivism*—i.e., "in addition to the sentence provided under Section 667." (§ 667.9.)

The majority's conclusion that "[t]he Legislature's use of sentencing language cumulative to section 667 in section 667.9 and its omission of such language in section 667.5 shows an intent not to require enhancements under both sections 667 and 667.5" (maj. opn., *ante*, p. 1151, fn. 2) is therefore unsubstantiated. It is misguided for a more fundamental reason. Section 667.5 was enacted over 15 years prior to the enactment of section 667. The former was legislatively enacted—the latter was adopted by the electorate through the initiative process (Proposition 8). The majority's conclusion confuses sections 667 and 667.5, both temporally, as noted, and with respect

to the different procedural methods by which they were enacted. The majority would have us draw an inference of legislative intent by comparing section 667.9, which expressly references section 667 enhancements as being cumulative to section 667.9 enhancements, to the 1986 legislative amendment of section 667, which we are urged to conclude could have made, but failed to make any, mention of section 667.5 enhancements. The analogy is unavailing. The 1986 legislative amendment of section 667 to which the majority refers (Stats. 1986, ch. 85, § 1.5, p. 211) met the special requirement of passage in each house by a two-thirds vote (section 667 was enacted by voter initiative; see § 667, subd. (e)) and was solely intended to "abrogate the holding in *People* v. *Fritz* (1985) 40 Cal.3d 227 [219 Cal.Rptr. 460, 707 P.2d 833], and to restrict the authority of the trial court to strike prior convictions of serious felonies when imposing an enhancement under Section 667 of the Penal Code." (Stats. 1986, ch. 85, § 3, p. 211.)

Instead, we should more appropriately consider recent amendments to the language of section 1170.1, the general statute governing the imposition of aggregate terms for multiple convictions and enhancements. Unlike section 667, section 1170.1 can be and has been amended by a regular vote of the Legislature in order to conform its general provisions to, among others, sentencing statutes like section 667 which have been adopted through the initiative process. Subdivision (e) of section 1170.1 provides in pertinent part: "When two or more enhancements under Sections 12022, 12022.4, 12022.5, 12022.55, 12022.7, and 12022.9 may be imposed for any single offense, *only the greatest enhancement shall apply* . . . ." (Italics added.) If indeed the electorate intended by section 667, *subdivision (b)* that in cases such as this one, imposition of *only* a section 667 enhancement would be authorized, because it imposes a lengthier enhancement term than does section 667.5, then section 1170.1, subdivision (e) suggests the Legislature would have known how to explicitly effectuate the voters' intent by amending the general sentencing statutes to conform to it.

I would note further that the express language of sections 667 and 667.5, as well as the pertinent language of section 1170.1 set forth above, *mandates* that where applicable, prior serious felony conviction enhancements and prior prison term enhancements "shall" be imposed. There is no explicit exception made for the situation where the prior serious felony conviction and prior prison term are for the same offense, in order to defeat this affirmative command. With this in mind, one must consider the *second sentence* of section 667, *subdivision (b)* (as distinguished from the first sentence discussed above), which states: "There is no requirement of prior incarceration or commitment for this section to apply," *and* the express language of section 667.5, subdivision (e), which provides: "The additional

penalties provided for prior prison terms shall not be imposed for any felony for which the defendant did not serve a prior separate term in state prison."

One might then ask: Why did the Legislature, in enacting section 667.5 in 1976, and the drafters of section 667, in presenting the new prior serious felony conviction enhancement to the voters as part of Proposition 8 in 1982, include the above two qualifying provisions in the respective enhancement statutes? I submit there is only one reasonable inference to be drawn. For years, the issue has been debated whether the proscription against double punishment embodied in section 654 (*ante*, p. 1155, fn. 2) applies in the first instance, in varying sentence-enhancement contexts, to enhancements based on the "status" of the offender, and, if it does, whether section 654 is nonetheless not violated in cases such as this one because enhancements attributable to *prior convictions* (§ 667), in contrast to those attributable to *prior incarceration* (§ 667.5), punish *different acts*. The prevalent view has been that section 654 does *not* apply to, or prevent, simultaneous imposition of both categories of enhancements. (See discussion, *post*, at pp. 1163-1167.)

In my view, the drafters of sections 667 and 667.5 purposefully included the above noted provisions in the respective enhancement statutes in an effort to make clear that the former category of enhancements arises from the offender's status as a previously *convicted* felon, whereas the latter category of enhancements arise from his status as a previously *incarcerated* felon. Consistent with such intent, and the overseeing language of section 1170.1, I read the statutory scheme as permitting simultaneous imposition of both enhancements, even in circumstances, such as these, where the prior conviction and service of the prior prison term arise from the same offense. The relevance of these particular provisions of sections 667 and 667.5 is likewise not discussed in the majority opinion; again, they do not seem to "fit" within the rationale and result reached therein.

To summarize, section 667 authorizes the enhancement of the sentence of one who is convicted of a new statutorily enumerated "serious" felony, after having previously been convicted of one or more of those same category of offenses, *irrespective* of whether a prison term was served for that prior serious felony conviction. Section 667.5, subdivision (b), on the other hand, authorizes enhancement of the sentence of one who commits *any* new felony for which he is going to prison, after having once served a separate prison term for *any* prior felony conviction, and this enhancement *will not apply* unless a prior separate prison term was served, *irrespective* of the nature— "serious" or otherwise—of the prior felony conviction. Reading and harmonizing the pertinent language of sections 667, 667.5, and 1170.1 together, the conclusion is inescapable: both the drafters of Proposition 8 and section 667,

and the Legislature in enacting section 667.5, and in amending section 1170.1 over the years to conform to newly enacted statutory provisions, have acknowledged the differing nature of enhancements that arise from prior *convictions*, as contrasted with those arising from prior *incarceration*, and have intended that these two categories of enhancements could both be imposed to enhance the sentences of defendants whose recidivism and criminal histories qualify them for both.

In contrast to the foregoing analysis, the majority merely replicates the text of section 667 within the body of its opinion (maj. opn., *ante*, at p. 1146), declares that subdivision (b)—which provides that the section "shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment"—actually means that "the greatest [of section 667 and 667.5] enhancement[s], but only that one, will apply" (*id.*, at p. 1150), and then throws up its hands, concluding any other result would "run[] afoul of *Prather.*" (Maj. opn., *ante*, at p. 1148.)[3]

"The law is well established that . . . the increased penalty for a prior [conviction] is attributable solely to the new, rather than the former, crime and its purpose is to discourage recidivist criminal conduct [Citations]. As stated in *People* v. *Biggs* (1937) 9 Cal.2d 508, 512, 'it is the second or subsequent offense which is punished, not the first'; and as amplified in *People* v. *Dutton* (1937) 9 Cal.2d 505, 507, 'the increased punishment provided for subsequent offenders is not an additional disability attaching to the first *offense*, but an appropriate penalty for the *person* who, after conviction of one crime commits another.'" (*People* v. *Johnson* (1979) 95 Cal.App.3d 352, 357-358 [157 Cal.Rptr. 150]; *People* v. *Mink* (1985) 173 Cal.App.3d 766, 770-771 [219 Cal.Rptr. 291].)

This fundamental proposition too has largely escaped the majority's analysis. Section 667 enhancements apply only to recidivist offenders whose *present conviction* is of a statutorily enumerated *serious felony* offense following a *prior conviction* of a *serious felony* offense. In contrast, the one-year prior prison term enhancement with which we are directly concerned in this case—imposed pursuant to section 667.5, subdivision (b)—is made applicable upon present conviction of *any* felony, where a prior prison term was served, again, for *any* felony conviction.

---

[3]None of the Court of Appeal cases in which we granted review pending our decision in the instant case, nor the Court of Appeal opinion in this case, has construed section 667 in the manner in which the majority interprets it herein. (*People* v. *Adams* (S030824, review granted Mar. 18, 1993); *People* v. *Cline* (S028596, review granted Oct. 29, 1992); *People* v. *Lopez* (S028382, review granted Oct. 16, 1992); *People* v. *McGowan* (S031152, review granted Apr. 1, 1993); *People* v. *Michael* (S028939, review granted Nov. 19, 1992).

Yet the majority has opted to avoid any serious discussion of this distinguishing factor. The majority opinion merely states that: "Defendant . . . received . . . a one-year enhancement under [section 667.5] subdivision (b)—an enhancement available for 'any felony' if the felon served time in prison for 'any felony' and showed an inability to reform. Many felonies serious enough to require incarceration, however, are likely to be encapsulated in section 1192.7, subdivision (c), and therefore will subject the recidivist offender to the five-year enhancement of section 667, subdivision (a), on the commission of a new and serious felony. (Maj. opn., *ante*, at p. 1150.) This analysis focuses largely on the nature of the *prior* felony conviction, and fails to accord any meaningful significance to the further requirement that the recidivist offender's *present* conviction be for a *serious felony* offense before a section 667 enhancement can be imposed. There is no such requirement where a section 667.5 prior prison term enhancement is being imposed to enhance the sentence of *any* present felony conviction.

## II

The majority concludes we need not reach or decide the question of whether section 654 applies to prohibit imposition of both section 667 and section 667.5 enhancements arising from the same prior serious felony conviction, because the statutory scheme "permits" a narrower resolution of the matter. (Maj. opn., *ante*, p. 1152.) For the reasons discussed in part I (*ante*, pp. 1156-1163), I conclude imposition of both enhancements is consistent with the intent underlying those statutory enhancement provisions. I would therefore reach and decide the question of whether section 654 applies in this case.

The Courts of Appeal have been divided for some time now on the question of whether section 654 applies *in the first instance* to sentence enhancements—such as sections 667 and 667.5—that are based on the "status" of the offender. The opinion in *People* v. *Rodriguez* (1988) 206 Cal.App.3d 517 [253 Cal.Rptr. 633] is illustrative of the line of authority finding section 654 wholly *inapplicable* to such enhancements.

In *Rodriguez*, the defendant pled guilty to a charge of petty theft (§ 484) and admitted he had suffered a previous conviction for robbery for which he had served a separate prison term. Pursuant to section 666, the prior conviction and prison term served therefor upgraded the "petit" theft from a misdemeanor to a felony punishable by imprisonment in the state prison. Upon sentencing, the trial court struck a section 667.5 enhancement allegation, reasoning that to impose a one-year prior prison term enhancement would violate the proscription against double punishment of section 654

because the prior conviction/prison term had already been used to upgrade the petit theft to a felony. The People appealed the order striking the enhancement. (§ 1238, subd. (a)(6) and (10).)

Rejecting defendant's argument that section 654 prohibited the use of his prior robbery conviction and imprisonment therefor both to upgrade the petit theft to a felony and enhance his sentence by one year under section 667.5, the *Rodriguez* court first reasoned that such enhancements are not imposed for criminal "acts" or "omissions":

"Section 654 applies to an 'act or omission,' i.e., criminal conduct or neglect. Both sections 666 and 667.5 apply to facts, not acts; they relate to the status of the recidivist offender engaging in criminal conduct, not to the conduct itself. We agree with those courts which hold that section 654 does not apply to such enhancements. (See, e.g., *People* v. *Boerner* (1981) 120 Cal.App.3d 506, 511 [174 Cal.Rptr. 629]; *People* v. *Parrish* (1985) 170 Cal.App.3d 336, 344 [217 Cal.Rptr. 700]; *People* v. *Le* (1984) 154 Cal.App.3d 1, 12, fn. 11 [200 Cal.Rptr. 839]; *People* v. *Stiltner* (1982) 132 Cal.App.3d 216, 229 [182 Cal.Rptr. 790]; contra, *People* v. *Hopkins* (1985) 167 Cal.App.3d 110, 117 [212 Cal.Rptr. 888], and cases cited therein.)

"In *People* v. *Warinner* (1988) 200 Cal.App.3d 1352, 1355 [247 Cal.Rptr. 197], we held that section 654 is inapplicable to enhancements because they prescribe increased punishment; they do not define an offense. Our dicta to the contrary in the earlier case of *People* v. *Holding* (1987) 197 Cal.App.3d 981 [243 Cal.Rptr. 512], was based on a case since depublished. We therefore disapprove that dicta." (*People* v. *Rodriguez, supra,* 206 Cal.App.3d at p. 519.)

The *Rodriguez* court went on to examine the language of, and legislative history behind, section 1170, the general determinate sentencing statute, as well as certain amendments thereto. It concluded the Legislature had to have intended the more recently enacted provisions—to the extent they stood in conflict with section 654—to prevail over that earlier enacted statute:

"To hold that section 654 applies to enhancements to forbid the dual use of any fact as well as to forbid multiple punishment for any act would render provisions of Penal Code section 1170, subdivision (b) superfluous and negate an amendment thereto. Section 1170, subdivision (b) presently provides in pertinent part that '[t]he court may not impose the upper term by using the fact of any enhancement upon which sentence is imposed under section 667.5 . . . or under any other section of law.' If section 654 prohibited all dual uses of fact, this section, along with section 12022,

subdivisions (a) and (b), and section 12022.5, subdivisions (a) and (b) would be superfluous.

"When section 1170, subdivision (b) was enacted in 1976, it also provided: 'In no event shall any fact be used twice to determine, aggravate, or enhance a sentence.' Immediately prior to the effective date of this legislation, this provision of 1170, subdivision (b) was deleted. [Fn. omitted.]

"This provision would have prohibited the sentences here as the same conviction and prison term is used to 'determine' the sentence as a felony [under § 666] and to enhance the sentence [under § 667.5]. It would be anomalous to apply this rule enacted in 1976 and repealed in 1977 before becoming effective under the guise of interpretation of section 654 which has been in existence since 1872.

". . . We therefore find the Legislature intended to permit a single qualifying conviction and sentence to be used both to make petit theft a felony and to enhance any prison term therefor for the prior prison term. (Accord: *People* v. *Levell* (1988) 201 Cal.App.3d 749 [247 Cal.Rptr. 489]; also see *People* v. *Bruno* (1987) 191 Cal.App.3d 1102, 1107 [237 Cal.Rptr. 31]; contra, *People* v. *Ancira* (1985) 164 Cal.App.3d 378, 382 [210 Cal.Rptr. 527].)" (*People* v. *Rodriguez, supra,* 206 Cal.App.3d at pp. 519-520.)

I find the rationale of *Rodriguez,* and the numerous authorities cited therein, persuasive. Simply stated, section 654 does not prohibit the imposition of section 667 and section 667.5 enhancements based on the same prior serious felony conviction because that conviction is not an "act or omission" for which the enhanced penalties are being imposed. (*Ante,* p. 1162; *People* v. *Johnson, supra,* 95 Cal.App.3d at pp. 357-358.)

Neither the language nor policies of sections 654, 667 and 667.5 preclude the imposition of both enhancements based on the same underlying prior felony conviction. Sections 667 and 667.5 serve different statutory purposes: "The purpose of section 667 is to punish repeat offenders regardless of whether they were imprisoned for their previous felony. . . . The purpose of section 667.5, subdivision (b) is to impose a one-year enhancement to the offender's sentence for each separate term of imprisonment served as a continuous period of time by the offender. . . . [¶] . . . [¶] The policies of each section are distinct. The purpose of section 667 is to impose greater punishment upon recidivists who commit serious felonies. The purpose of section 667.5 is to impose additional punishment upon a felon whose prior prison term failed to deter him or her from *future* criminal conduct." (*People* v. *Medina* (1988) 206 Cal.App.3d 986, 990-991 [254 Cal.Rptr. 89], italics in

original.) An offender who commits a prior *serious* felony, incurs a prison term therefor, and then commits another *serious* felony within five years from his or her release from prison custody, is readily viewed as more culpable than an offender who has a prior serious felony conviction but either served no prison term therefor, or did not reoffend within five years of release from prison. The apparent intent to punish more severely those offenders who are members of both classes would be thwarted if membership in either class was construed to be an "act" within the meaning of section 654.

In any event, we need not, in this case, reach or decide the question of whether section 654 applies to section 667 and 667.5 enhancements in the first instance. The specific context in which the section 654 issue arises herein, namely, whether a section 667 prior serious felony conviction enhancement can be imposed along with a section 667.5 prior prison term enhancement arising from service of a prison term for the same prior offense, is not the only sentencing context in which the prior serious felony conviction/prior prison term distinction has been acknowledged. Many cases have held that this distinction permits imposition of both categories of enhancements *even under the express terminology of section 654.*

For example, the distinction has been consistently recognized in the context of "dual use of facts," a term of art arising from, and closely related to, the proscription against double punishment embodied in section 654. The courts which have addressed the issue have generally held that there is no dual use of facts when different facts, which happen to relate to the same underlying conviction, are used to aggravate and enhance a sentence, or are used as an element of an offense and to impose an enhancement. (See, e.g., *People* v. *Gaines* (1980) 112 Cal.App.3d 508, 515 [169 Cal.Rptr. 381] [no dual use of facts to use prior convictions as an element of offense and to impose prior prison term enhancement]; *People* v. *Hurley* (1983) 144 Cal.App.3d 706, 708-713 [192 Cal.Rptr. 805] [no dual use of facts to aggravate term based on numerous prior convictions and to impose a prior prison term enhancement relating to one of the same convictions]; *People* v. *Jerome* (1984) 160 Cal.App.3d 1087 [207 Cal.Rptr. 199] [no dual use of facts to aggravate the term because the defendant was on parole for a prior rape conviction when he committed the new offense, and to impose a consecutive term under § 667.6, subd. (a), for repeated commission of forcible sex offenses based in part on the same prior rape conviction].)

I therefore conclude it is unnecessary to reach the broader question of whether section 654 is applicable to these sentencing enhancements in the first instance. By analogy to this body of authority that recognizes most

sentence enhancements add punishment for *differing* aspects of the recidivist offender's criminal record or history, even assuming arguendo section 654 is applicable here, that statute, *by its own terms,* is simply not violated by imposition of section 667 and section 667.5 enhancements because each adds punishment for different statuses (i.e., different prior "acts") in connection with the defendant's criminal history. (§ 654.)

Whether we conclude section 654 is inapplicable to the sentencing enhancements here in question, or, if it is applicable, that section 667 and section 667.5 enhancements punish different statuses or "acts" within the meaning of its terms, the foregoing authorities persuade me that section 654 presents no impediment to the imposition of both categories of enhancements in this case, consistent with the intent inferable from the language of those enhancement provisions. It then becomes clear that article I, section 28(f) has little or no direct relevance to the disposition of the issue posed in this case, for we need not determine whether that constitutional amendment would otherwise abrogate any prohibition against imposition of both categories of enhancements under section 654.

### III

Purportedly under compulsion of our holding in *People* v. *Prather, supra,* 50 Cal.3d 428, a case decided eight years after the electorate's enactment of section 667, the majority concludes that section 667 and section 667.5 enhancements "apply to the same facts—the prior conviction of a felony . . . ." (Maj. opn., *ante,* p. 1149.) In so concluding, the majority has misconstrued our holding in that case.

In *Prather, supra,* 50 Cal.3d 428, we first had occasion to characterize section 667.5 prior prison term enhancements in the specific context of whether they are "prior felony conviction" enhancements *within the meaning of article I, section 28(f).* Our holding was twofold. We concluded section 667.5, subdivision (b), prior prison term enhancements must be deemed "prior felony conviction" enhancements within the meaning of article I, section 28(f), and we reasoned that by operation of that constitutional provision, those enhancements are exempt from the double-the-base-term limitation of section 1170.1, subdivision (g). The bulk of our analysis in *Prather* was directed at supporting the latter proposition.

Quoting our observation in *Brosnahan* v. *Brown* (1982) 32 Cal.3d 236, 247 [186 Cal.Rptr. 30, 651 P.2d 274], that the enactments of Proposition 8 were aimed, inter alia, " 'at achieving *more severe punishment for, and more effective deterrence of, criminal acts*[,]' " we explained in *Prather* that, "This

general concern with increased punishment and effective deterrence was to be furthered in part by increasing the total period of imprisonment for recidivist offenders. The above conclusion is apparent . . . [in part] from the voters' enactment of the 'without limitation' language in article I, section 28, subdivision (f) . . . ." (*People* v. *Prather, supra,* 50 Cal.3d at p. 435.)

We further agreed with the conclusion of one Court of Appeal decision that the enactment of article I, section 28(f), " 'was an unambiguous expression of the electorate's intent to supersede the twice the base term rule as it applied to [prior felony] enhancements.' " (*People* v. *Prather, supra,* 50 Cal.3d at p. 436, quoting *People* v. *Traina* (1985) 168 Cal.App.3d 305, 309 [214 Cal.Rptr. 213].) We observed that, "[b]oth the language and history of article I, section 28, subdivision (f), suggest it was intended not only to increase the length of sentences served by recidivist offenders *generally,* but also *specifically* to abrogate (with respect to prior-felony-conviction enhancements) statutory 'limitations on overall length of sentences.' Section 1170.1(g) provides such a 'limitation': It expressly precludes application of an otherwise valid prior felony sentence enhancement *solely because it would extend the total length of incarceration beyond certain specified limits.*" (*People* v. *Prather, supra,* 50 Cal.3d at p. 436, italics in original.)

We then turned to the matter of whether section 667.5 enhancements were "prior felony conviction" enhancements within the meaning of article I, section 28(f). We discussed *People* v. *Rodrigues* (1988) 205 Cal.App.3d 1487 [253 Cal.Rptr. 306], a case which held that article I, section 28(f) " 'has no bearing on prior-prison-term enhancements' " because the constitutional provision, that court concluded, applied to the unlimited use of prior felony convictions for enhancement purposes, whereas " 'prior felony convictions and prior prison terms are distinct words of legal art. The phrase, "prior felony conviction" cannot be read to include "prior prison term." ' " (*People* v. *Prather, supra,* 50 Cal.3d at p. 439, quoting *Rodrigues, supra,* 205 Cal.App.3d at pp. 1493-1494.)

We rejected the *Rodrigues* court's conclusions *in the context of our interpretation of article I, section 28(f).* Stressing that the constitutional provision adopted by Proposition 8 had to be interpreted " 'liberally and on broad general lines, so that it may accomplish in full measure the objects of its establishment . . .' " (*People* v. *Prather, supra,* 50 Cal.3d at p. 439, quoting *Amador Valley Joint Union High School Dist.* v. *State Bd. of Equalization* (1978) 22 Cal.3d 208, 244-245 [149 Cal.Rptr. 239, 583 P.2d 1281]), we concluded that article I, section 28(f)'s mandate that "Any prior felony conviction . . . shall subsequently be used without limitation for purposes of . . . enhancement . . . ," broadly and liberally construed, encompassed

prior prison term enhancements. We went on to explain: "Section 667.5(b) provides that 'where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served *for any felony.*' . . . We think it clear that section 667.5(b) is aimed primarily at the underlying felony conviction, and only secondarily, and as an indicium of the felony's seriousness, at the prior prison term. That is, we believe section 667.5(b), fairly read, merely provides a special sentence enhancement for that particular *subset* of 'prior felony convictions' that were deemed serious enough by earlier sentencing courts to warrant actual imprisonment. [Citations.] Accordingly, *we hold that the broad mandate of article I, section 28, subdivision (f), concerning the use of any 'prior felony conviction[s]' for enhancement purposes, necessarily includes the lesser category of enhancements based on prior felony convictions for which imprisonment was imposed.*" (*People* v. *Prather, supra,* 50 Cal.3d at p. 440, first italics in original, second italics added.)

Our characterization of prior prison term enhancements as "prior conviction enhancements" in *Prather*—reached in the specific context of "the broad mandate of article I, section 28, subdivision (f), concerning the use of any 'prior felony conviction[s]' for enhancement purposes" (*Prather, supra,* 50 Cal.3d at p. 440)—has been taken out of context by the majority herein. In *Prather* we were directly construing the mandate of article I, section 28(f), in an effort to determine whether the scope of that constitutional provision, and its "without limitation" language, was broad enough to encompass prior prison term enhancements. We found those enhancements to be a "particular subset" of prior felony convictions—in the sense that the underlying felony convictions reflected by service of the prior prison terms had been "deemed serious enough by earlier sentencing courts to warrant imprisonment." (*Prather, supra,* 50 Cal.3d at p. 440.) This determination was, in effect, pragmatic recognition of the simple fact that, by definition, there is always a prior felony *conviction* behind every prior *prison term.* In fulfilling our obligation to broadly construe the language and scope of article I, section 28(f), we found this determination to be controlling.

It must be noted that the precise wording of article I, section 28(f), is that any "prior felony conviction" shall be used without limitation for enhancement purposes—not that "prior felony conviction enhancements" shall be used without limitation for enhancement purposes. In *Prather,* we determined the term "prior felony convictions," as utilized in article I, section 28(f), was broad enough to include section 667.5, subdivision (b) prior prison term enhancements *because those enhancements cannot come into being unless there has been a prior felony conviction.* Since conviction is a necessary prerequisite to service of the prior prison term, *we in essence*

*concluded that to permit the double-the-base-term rule to defeat a prior prison term enhancement would be tantamount to placing a "limitation" on the use of the underlying prior felony conviction for enhancement purposes.* Had the constitutional provision provided that "prior felony conviction enhancements" shall be used without limitation . . . ," our conclusion in *Prather* respecting section 667.5 enhancements would have likely been otherwise, because the Penal Code separately provides for prior-conviction-based and prior-prison-term-based enhancements, and section 667.5 enhancements fall under the latter category. But because article I, section 28(f) commands that "any prior felony conviction" shall be used without limitation for enhancement purposes, and because we were obligated to construe its terms broadly and liberally in order to give full effect to the initiative measure's underlying purpose—increased punishment for recidivism—we concluded that "use without limitation" of a "prior felony conviction" included use of a prior prison term enhancement, which necessarily derived from that prior conviction, in computing the defendant's aggregate term, notwithstanding the double-the-base-term limitation.

Can it be said, then, that *Prather* declared prior felony conviction and prior prison term enhancements one and the same *for all purposes* under the criminal sentencing law? Clearly not. Our statement in *Prather*—"We think it clear that section 667.5(b) is aimed primarily at the underlying felony conviction, and only secondarily, and as an indicium of the felony's seriousness, at the prior prison term" (50 Cal.3d at p. 440)—itself assumes, as a given, that a section 667.5 enhancement is distinguishable from a prior-conviction-based enhancement because prior incarceration is required before it becomes applicable.

IV

I conclude that the plain wording of section 667, when read together with the language of section 667.5 and related determinate sentencing provisions, evinces a clear intent that a prior serious felony conviction enhancement and a prior prison term enhancement may both be imposed, even where they arise in connection with the same prior serious felony conviction. For the reasons given, the proscription against double punishment embodied in section 654 presents no impediment to the simultaneous imposition of both enhancements. Of course a section 667.5 enhancement, even where proved true, remains subject to being stricken by the trial court, in the interests of justice, where the overall sentencing considerations in any given case so warrant it.

I would affirm the judgment in its entirety.

Panelli, J., and Baxter, J., concurred.