Filed 6/19/13  P. v. Canady CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B239609 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA298800) |
| v. | |
| JEROME CANADY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jose I. Sandoval, Judge.  Affirmed in part, reversed in part, and remanded with instructions.

Meredith J. Watts, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Eric E. Reynolds and Esther P. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Jerome Canady appeals from the court's sentencing determinations. He contends the court erred in imposing multiple statutory enhancement provisions for the same two prior offenses. In the alternative, he argues the court abused its discretion in deciding to impose two one-year enhancements for his prior prison terms pursuant to Penal Code section 667.5, subdivision (b),[1] in addition to three five-year enhancements under section 667, subdivision (a)(1), which were ordered by this court in a prior unpublished opinion. Appellant contends the court also erred in failing to recalculate his credits and to take into consideration the time he served prior to resentencing. Respondent agrees that the enhancements were imposed improperly and that the court should have recalculated his credits, including the actual days in custody up to the time of resentencing.

We shall direct the trial court to strike the two one-year enhancements that were imposed under section 667.5, subdivision (b), and remand the case to that court for recalculation of presentence credits.

## FACTUAL AND PROCEDURAL SUMMARY

According to the charging information, on February 25, 2006, appellant reached into a woman's car and grabbed her purse. Appellant was later taken into custody and charged with second degree robbery. (§ 211.) The information further alleged that appellant suffered three prior serious felony convictions (§ 667, subd. (a)(1)) and 11 prior "strike" convictions (§§ 1170.12, 667, subds. (b)-(i)). The information also alleged appellant had served three prior separate prison terms within the meaning of section 667.5, subdivision (b).

In December 2007, a jury found appellant guilty of the robbery charge. The jury also found he had suffered five prior felony convictions and served three prior prison terms for those convictions. Appellant was sentenced to 25 years to life, and the court imposed, but stayed, the sentence enhancements. He filed a timely appeal.

---

[1] All further statutory citations are to the Penal Code unless otherwise noted.

In an unpublished opinion (*People v. Canady* (Jun 15, 2011, B220620)), we affirmed the conviction and the true findings on the special allegations. However, we found the sentence imposed by the court was legally improper. Appellant had only served two separate prison terms within the meaning of section 667.5, subdivision (b), and thus the court was required to strike one of the one-year prior prison term enhancements. We also found the court erred in staying the three five-year enhancements for prior serious felony convictions and instructed the court to impose them consecutive to the sentence for the current offense pursuant to section 667, subdivision (a)(1).

Upon remand, the court re-sentenced appellant to prison for 25 years to life for the robbery conviction. It further imposed two one-year prior prison term enhancements under section 667.5, subdivision (b), and three five-year violent felony enhancements pursuant to section 667, subdivision (a), all to run consecutively. The total term imposed was 42 years to life. Appellant received 1,569 days of presentence credit. This appeal followed.

## DISCUSSION

### I

Appellant contends the trial court erred when it imposed two one-year prior prison term enhancements under section 667.5. He argues the sentence is illegal and unauthorized because the court imposed three five-year enhancements under section 667 based on the same prior felony convictions. Respondent agrees.

Section 667, subdivision (a)(1), provides that "any person convicted of a serious felony who previously has been convicted of a serious felony . . . , shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction . . . ." Section 667.5, subdivision (b), provides that when a person is convicted of any felony for which a prison sentence is imposed, "the court shall impose a one-year term for each prior separate prison term." Our Supreme Court has stated that "when multiple statutory enhancement provisions are available for the same prior offense, one of which is a section 667 enhancement, the

3

greatest enhancement, but only that one, will apply. (*People v. Jones* (1993) 5 Cal.4th 1142, 1149-1150.)

Upon our remand, the court imposed two one-year sentence enhancements pursuant to section 667.5, subdivision (b), based on appellant's prior prison terms in case numbers A762668 and BA024931. It then imposed three five-year sentence enhancements pursuant to section 667, subdivision (a)(1), based on appellant's convictions in case numbers A090467, A762668, and BA024931. Because the court has imposed multiple statutory enhancements for appellant's prior offenses in case numbers A762668 and BA024931, the sentence is unauthorized. Only the greater enhancement under section 667, subdivision (a)(1), may be applied, and the court is directed to strike the two one-year sentence enhancements imposed under section 667.5, subdivision (b). (*People v. Jones*, *supra*, 5 Cal.4th at pp. 1149-1150, 1152-1153.)[2]

## II

Appellant contends the trial court erred in failing to recalculate his presentence credits when it resentenced him on remand. Appellant argues the court should have recalculated his credits and taken into account the time served from his first day in custody through the date of resentencing. Respondent agrees.

"When, as here, an appellate remand results in modification of a felony sentence during the term of imprisonment, the trial court must calculate the *actual time* the defendant has already served and credit that time against the 'subsequent sentence.' (§ 2900.1.)" (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23.)

After we remanded the case for resentencing, the court indicated that it did not believe it was required to recalculate appellant's credits and did not do so. The court erred in concluding that it "need not recalculate and credit the *actual time* [appellant] had served on his sentence prior to the modification." (*People v. Buckhalter*, *supra*, 26 Cal.4th at p. 23.)

---

[2] Based on our conclusion that the section 667.5, subdivision (b), enhancements must be stricken, appellant's argument regarding the court's abuse of discretion in imposing those enhancements is moot.

## DISPOSITION

The sentence is reversed in part, and the case is remanded with directions to strike the two one-year enhancements imposed pursuant to section 667.5, subdivision (b), and to recalculate appellant's presentence credits with consideration of the "*actual time*" he served prior to resentencing.  (*People v. Buckhalter*, *supra*, 26 Cal.4th at pp. 23-24.)  In all other respects, the judgment is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**



EPSTEIN, P. J.


We concur:


WILLHITE, J.


MANELLA, J.