Filed 5/23/14  P. v. McCoy CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

THE PEOPLE,

Plaintiff and Respondent,

v.

ANTHONY MCCOY,

Defendant and Appellant.

F065829

(Super. Ct. No. F10902298)

**OPINION**

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Arlan L. Harrell, Judge.

Elizabeth Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Cornell, J., and Poochigian, J.

In 2010, a jury convicted appellant, Anthony McCoy, of two counts of second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c); counts 1, 2)[1] and two counts of making criminal threats (§ 422; counts 3, 4), and found true allegations that in committing each offense, appellant personally used a dangerous or deadly weapon, viz., a knife (§ 12022, subd. (b)(1)). In a separate proceeding, appellant admitted allegations that he had suffered two prior serious felony convictions within the meaning of section 667, subdivision (a) and two "strikes,"[2] and that he had served five separate prison terms for prior felony convictions (§ 667.5, subd. (b)). The sentence imposed included consecutive terms of 25 years to life on each of the two robbery counts. The robberies were committed on the same occasion against two different victims.

Appellant filed a timely notice of appeal. On appeal, in *People v. McCoy*, case No. F061717 (first appeal), this court, in 2012, held that the two robberies were committed on the "same occasion" and arose out of the "same set of operative facts" for purposes of section 667, subdivision (c)(6) and (c)(7); therefore, consecutive sentences on those two offenses were not mandatory, and the record did not demonstrate that the sentencing court was aware of its discretion to impose concurrent terms on the two robbery convictions. This court vacated the sentence, remanded for resentencing, and did not address appellant's contention that trial counsel was constitutionally ineffective for failing to object to the sentence at trial.

Subsequently, at resentencing, the court stayed sentence on two of the prior prison term enhancements because they were based on two of the convictions giving rise to the

---

[1]    All statutory references are to the Penal Code.

[2]    We use the term "strike" as a synonym for "prior felony conviction" within the meaning of the "three strikes" law (§§ 667, subds. (b)-(i), 1170.12), i.e., a prior felony conviction or juvenile adjudication that subjects a defendant to the increased punishment specified in the three strikes law.

prior serious felony enhancements,[3] and imposed, on count 1, a term of 25 years to life plus 14 years for the enhancements and, on count 2, a consecutive term of 25 years to life plus 11 years for the enhancements. On each of counts 3 and 4, the court imposed, and stayed pursuant to section 654, a term of 25 years to life.

In pronouncing sentence, the court stated it was "aware of its ability to impose … concurrent sentence[s]" on counts 1 and 2.

The instant appeal followed appellant's resentencing.

Appellant's appointed appellate counsel has filed an opening brief which summarizes the pertinent facts, with citations to the record, raises no issues, and asks that this court independently review the record. (*People v. Wende* (1979) 25 Cal.3d. 436.) Appellant, in response to this court's invitation to submit additional briefing, has submitted a letter brief in which, as best we can determine, he raises the same claim of ineffective assistance of counsel he raised in the first appeal. We affirm.

In his opening brief in the first appeal, appellant argued that the court was not aware it had the discretion to impose concurrent sentences, and that if this claim was deemed waived by his counsel's failure to "[make a] specific request for concurrent sentencing on count two" and "object to the trial court's comments that consecutive sentences were prescribed," he was denied his constitutional right to the effective assistance of counsel. As best we can determine, appellant makes the same claim in the instant appeal. However, the first appeal has been decided and appellant may not relitigate in the instant appeal claims he raised in the first appeal. In any event, this court did not find that appellant's claims were waived by counsel's failure to object and, as

---

**3**      See *People v. Jones* (1993) 5 Cal.4th 1142, 1150 "[W]hen multiple statutory enhancement provisions are available for the same prior offense, one of which is a section 667 enhancement, the greatest enhancement, but only that one, will apply"].

indicated above, this court vacated the sentence in the first appeal, thus providing appellant with all relief to which he was entitled.

To the extent appellant's argument can be construed as a claim that he was denied his right to effective assistance of counsel at any point after this court's decision in the first appeal, the record contains no support for such a claim.

Following independent review of the record, we have concluded that no reasonably arguable legal or factual issues exist.

## DISPOSITION

The judgment is affirmed.