Filed 8/15/14  P. v. Mora CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B248885 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA121351) |
| v. | |
| AARON MANUEL MORA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura R. Walton, Judge.  Modified and, as modified, affirmed with directions.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, James William Bilderback II and Marc A. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Aaron Manuel Mora appeals from the judgment entered following his convictions by jury on two counts of attempted willful, deliberate, and premeditated murder (Pen. Code, §§ 664, 187; counts 1 & 2), each with personal use of a firearm, personal and intentional discharge of a firearm, and personal and intentional discharge of a firearm causing great bodily injury (Pen. Code, § 12022.53, subds. (b), (c), & (d)) and count 3 – possession of a firearm by a felon (Pen. Code, § 12021, subd. (a)(1)), with court findings he suffered a prior felony conviction, a prior serious felony conviction, and a prior felony conviction for which he served a separate prison term (Pen. Code, §§ 667, subds. (a) & (d), 667.5, subd. (b)).

The court sentenced appellant to prison for two consecutive terms, each consisting of life with the possibility of parole (with a minimum parole eligibility term of 14 years) plus 25 years for a Penal Code section 12022.53, subdivision (d) enhancement, and sentenced him to prison for five years for the Penal Code section 667, subdivision (a) enhancement. The court imposed a concurrent term of four years on count 3. We modify the judgment and, as modified, affirm it with directions.

### FACTUAL SUMMARY

Viewed in accordance with the usual rules on appeal (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206), the evidence, the sufficiency of which is undisputed, established about 11:30 p.m. on December 2, 2011, Marquis Marshall was at a dance in a warehouse in Gardena. Kenneth Hale, Marshall's friend, testified as follows. Marshall bumped into appellant. In response, appellant yelled at Marshall. Hale intervened and appellant said he was from Carson. Hale apologized for Marshall and shook hands with appellant. Appellant also said he was from Carson 13. By saying appellant was from Carson 13, he could have been indicating where he lived, could have been indicating he was from a gang, or both. Hale was not a gang member but understood appellant was "gang banging." Because of Hale's intervention, appellant calmed down.

2

About 30 seconds later, three or four of appellant's male companions approached and one stood behind Hale. Appellant was present. Hale asked the male standing behind him if he was from Carson, and the male said, "Torrance." Hale also testified the male said he was from Torrance Trece. Hale understood that to mean the male was a gang member. Hale said he "stay[ed] up the street at Compton" and the male said, "So what?" and became aggressive.

Hale thought a fight was about to begin because some of appellant's companions in front of Hale "reached down" "like they were going to tie their shoes." Hale reached in his back pocket to get a mace canister. Hale did not see where appellant got his gun from, but appellant shot Hale in the jaw. Hale was shot a total of four times, i.e., in his jaw, arm, and twice in the back. During the shooting, Hale saw Marshall on the ground, helped him get up, and the two fled.

Marshall testified that after Hale intervened and everyone shook hands, Marshall thought the matter had been resolved. However, appellant and his cousins began gang banging, asking, "Where you from?" and "What you doing on this part of town?" Marshall understood the question, "Where you from?" to be a challenge. Appellant said he was from Carson Trece and another person said he was from Torrance T-Flats.

The situation escalated and Marshall saw Hale reach for mace in Hale's back pocket. Appellant reached down and pulled a gun out of his shoes. Marshall testified he saw "four other Mexicans start reaching for pistols." Marshall also testified three of four guys pulled guns out of their shoes. The guns were probably .25-caliber guns. Appellant shot Hale in the jaw and shot at Marshall and Hale. Marshall also testified "all three" were shooting. Marshall and Hale were wounded by the gunfire.

Uniformed Los Angeles County Sheriff's Deputy Seth Belville was outside the warehouse when he heard gunshots. People fled from the warehouse. Appellant exited the warehouse and was holding a gun in his right hand. Belville ordered appellant to drop the gun. Appellant complied, then fled. Belville retrieved the gun, pursued appellant, and eventually apprehended him. Marshall and Hale identified appellant as the

3

shooter during a field showup. Gunshot residue was on appellant. The gun appellant dropped was a .38-caliber semiautomatic handgun. Six expended casings recovered from the crime scene were fired from the gun. At trial, Hale and Marshall identified appellant as the shooter.

Los Angeles County Sheriff's Detective Eric Arias, a gang expert, testified he had personally contacted appellant on several prior occasions. Appellant had Carson 13 tattoos, and admitted to Arias that appellant was a Carson 13 gang member.

Arias opined at trial that respect was of the utmost importance to a gang member. A gang member attained power and respect through fear and intimidation. Gang members gained respect through violence. Arias testified the question "were are you from," posed by a gang member, was confrontational. The question communicated a gang member was asking about the gang affiliation of the person to whom the question was posed. If a person bumped into a respected gang member or otherwise disrespected the gang member, the latter would be expected to retaliate, and the response could include violence.

Appellant presented a misidentification defense.

### ISSUES

Appellant claims (1) the trial court abused its discretion by failing to exclude gang evidence under Evidence Code section 352, (2) the Penal Code section 667.5, subdivision (b) enhancement must be stricken, and (3) Penal Code section 654 barred multiple punishment on counts 1 and 2.

### DISCUSSION

1. *The Trial Court Did Not Err by Failing to Exclude the Gang Evidence.*

a. *Pertinent Facts.*

Prior to trial, the People proffered gang evidence to show, according to the court, "motive and intent as to the premeditation." Appellant argued, inter alia, gang evidence was not probative, was prejudicial, and was impermissible character evidence offered to

4

prove appellant was a bad person. Appellant conceded if, during the shooting, a gang statement like "This is Carson Trece" was made, the statement would be admissible.

Following argument and the trial court's careful inquiries regarding the nature of the various proffered gang evidence and the purposes for which the People proffered it, the trial court ruled it would only allow the People's gang expert (1) to testify appellant was a Carson 13 gang member, and (2) to explain that if someone bumped into a gang member, the gang member might react violently, even if a period of time had elapsed between the bumping and the reaction. The court indicated the testimony was admissible to prove intent and specific intent. During its final charge, the court instructed the jury they could consider gang activity evidence on multiple issues.[1] Arias, the gang expert, testified as indicated in the Factual Summary.

b. *Analysis.*

Appellant claims the trial court erred by not excluding, pursuant to Evidence Code section 352, Arias's gang testimony. We disagree. "Cases have repeatedly held that it is proper to introduce evidence of gang affiliation and activity where such evidence is relevant to an issue of motive or intent." (*People v. Funes* (1994) 23 Cal.App.4th 1506, 1518 (*Funes*).) *Funes* concluded such evidence was also admissible on the issues of malice aforethought and premeditation regarding a murder charge, as against an Evidence Code section 352 objection (*id*. at pp. 1518-1519). Gang evidence is also relevant to the

---

[1]     In particular, the trial court gave a modified CALCRIM No. 1403 instruction pertaining to the limited purpose of gang activity evidence. The instruction stated, "You may consider evidence of gang activity only for the limited purpose of deciding whether: [¶] The defendant acted with the intent, purpose, and knowledge that are required to prove the gang-related (crimes) [¶] OR [¶] The defendant had a motive to commit the crimes charged . . . . [¶] OR [¶] The defendant acted in the heat of passion . . . . [¶] . . . [¶] You may also consider this evidence when you evaluate the credibility or believability of a witness and when you consider the facts and information relied on by an expert witness in reaching his or her opinion. [¶] You may not consider this evidence for any other purpose. You may not conclude from this evidence that the defendant is a person of bad character or that [he] . . . has a disposition to commit crime."

5

issue of a witness's credibility. (*People v. Samaniego* (2009) 172 Cal.App.4th 1148, 1168.)

When ruling on an Evidence Code section 352 motion, a trial court need not expressly weigh prejudice against probative value, or even expressly state it has done so. All that is required is that the record demonstrate the trial court understood and fulfilled its responsibilities under section 352. (*People v. Williams* (1997) 16 Cal.4th 153, 213.) Assuming appellant raised an Evidence Code section 352 objection, we conclude the trial court did not abuse its discretion by overruling it. (Cf. *Funes, supra,* 23 Cal.App.4th at pp. 1518-1519; *People v. Burns* (1987) 196 Cal.App.3d 1440, 1455-1456; *People v. Plasencia* (1985) 168 Cal.App.3d 546, 552; *People v. Frausto* (1982) 135 Cal.App.3d 129, 140.) The fact this case did not involve a gang enhancement allegation does not compel a contrary conclusion. (Cf. *Funes, supra*, 23 Cal.App.4th at p. 1518.) Moreover, the application of the ordinary rules of evidence, as here, did not impermissibly infringe on appellant's rights to due process. (Cf. *People v. Fudge* (1994) 7 Cal.4th 1075, 1102-1103.) None of the cases cited by appellant compel a contrary conclusion.

2. *The Penal Code Section 667.5, Subdivision (b) Enhancement Must Be Stricken*.

The trial court found true allegations appellant suffered a prior serious felony conviction under Penal Code section 667, subdivision (a), and a prior felony conviction for which he had served a separate prison term under Penal Code section 667.5, subdivision (b). These findings were based on a single 2009 conviction for assault with a firearm that appellant suffered in case No. VA108886. Appellant's prison sentence included five years for the section 667, subdivision (a) enhancement, and the court "stay[ed] . . . [the] one-year prior."

Respondent concedes appellant's claim the one-year Penal Code section 667.5, subdivision (b) enhancement must be stricken because it was based on the same prior conviction underlying the Penal Code section 667, subdivision (a) enhancement. We accept the concession. (*People v. Jones* (1993) 5 Cal.4th 1142, 1144-1145, 1153.) We will modify the judgment accordingly.

6

3. *Penal Code Section 654 Did Not Bar Multiple Punishment on Appellant's Counts.*

As indicated, appellant's prison sentence included a term of four years on count 3. Appellant claims Penal Code section 654 barred punishment on that count because he could not be punished on that count while being punished on counts 1 and 2. He argues "possession of a firearm [count 3] was used solely as a means of accomplishing the objective of attempted murder." We reject appellant's claim.

Whether Penal Code section 654 applies in a given case is a question of fact for the trial court, which is vested with broad latitude in making its determination. The trial court determines a defendant's intent and objective under section 654 by a preponderance of the evidence. (Cf. *People v. Cleveland* (2001) 87 Cal.App.4th 263, 266, 268-270; see *People v. Lewis* (1991) 229 Cal.App.3d 259, 264.) The trial court's findings will not be reversed on appeal if there is any substantial evidence to support them. (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143 (*Jones*).) This includes implied findings. (*Id.* at p. 1143.) We view the evidence in the light most favorable to respondent and presume in support of the sentence the existence of every fact the trial court reasonably could have deduced from the evidence. (*People v. Tarris* (2009) 180 Cal.App.4th 612, 627.)

In *People v. Bradford* (1976) 17 Cal.3d 8 (*Bradford*), our Supreme Court stated, "The standard for applying [Penal Code] section 654 in the circumstances of this case was restated in *People v. Venegas* (1970) 10 Cal.App.3d 814 [*Venegas*]. 'Whether a violation of section 12021, forbidding persons convicted of felonies from possessing firearms concealable upon the person, constitutes a divisible transaction from the offense in which he employs the weapon depends upon the facts and evidence of each individual case. Thus where the evidence shows a possession distinctly antecedent and separate from the primary offense, punishment on both crimes has been approved. On the other hand, where the evidence shows a possession only in conjunction with the primary offense, then punishment for the illegal possession of the firearm has been held to be improper where it is the lesser offense.' [Citation.]" (*Bradford*, at p. 22.)

7

Similarly, in *Jones*, the appellate court "conclude[d] that section 654 is inapplicable when the evidence shows that the defendant arrived at the scene of his or her primary crime already in possession of the firearm." (*Jones, supra,* 103 Cal.App.4th at p. 1145.)

Based on the People's evidence, the jury reasonably could have concluded as follows. Appellant, inside the warehouse, pulled a gun out of his shoe and shot at Marshall and Hale. Appellant obviously possessed the gun before he pulled it out, and no one gave it to appellant before he pulled it out. Appellant was a gang member, and gang members commonly responded to perceived disrespect with violence. Appellant brought the gun to the scene anticipating such violence might occur. Each of three of appellant's companions had a gun in his shoe, pulled it out, and fired. The fact appellant and the three companions had concealed guns in their shoes was not coincidence; they had agreed to go armed to the party. No one gave guns to appellant's three companions before they pulled out their guns. Appellant and his three companions with guns never gave their guns to anyone after the shooting.

We conclude there was sufficient evidence of possession of a firearm by a felon (count 3) that was distinctly antecedent to, and separate from, the attempted murders (counts 1 & 2), and sufficient evidence appellant arrived at the scene of the attempted murders already in possession of the firearm. The facts in *Bradford* and *Venegas* do not compel a contrary conclusion. In *Bradford*, the defendant took an officer's gun and shot at him. No witness in *Venegas* saw the defendant in possession of a gun before he fired it. Neither *Bradford* nor *Venegas* involved evidence like that presented in this case.

8

*DISPOSITION*

The judgment is modified by striking the Penal Code section 667.5, subdivision (b) enhancement and, as modified, the judgment is affirmed. The trial court is directed to forward to the Department of Corrections an amended abstract of judgment reflecting the above modification.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

KITCHING, J.

We concur:

KLEIN, P. J.

ALDRICH, J.