Filed 8/3/16  P. v. McRae CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KEVIN McRAE, JR.,<br><br>    Defendant and Appellant. | D068666<br><br>(Super. Ct. No. SCD261763) |

APPEAL from a judgment of the Superior Court of San Diego County, Louis R. Hanoian, Judge.  Affirmed in part; reversed in part and remanded with directions.

Cindy Brines, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, Lynne G. McGinnis and Kristen A. Hernandez, Deputy Attorneys General, for Plaintiff and Respondent.

# I.

## INTRODCUTION AND PROCEDURAL BACKGROUND

A jury found Kevin McRae, Jr. guilty of assault by means of force likely to produce great bodily injury (Pen. Code,[1] § 245, subd. (a)(4)) (count 1), and battery with serious bodily injury (§ 243, subd. (d)) (count 2). The jury also found that McRae personally inflicted great bodily injury on the victim within the meaning of section 12022.7, subdivision (a) (count 1) and section 1192.7, subdivision (c)(18) (counts 1 & 2). McRae admitted having suffered a prior strike conviction (§§ 667, subds. (b)-(i), 668, 1170.12) and a prior serious felony conviction (§§ 667, subd. (a)(1), 668, 1192.7, subd. (c)), both arising from case No. SCN181880 (SCN181880), and four prison prior convictions (§§ 667.5, subd. (b), 668), one of which arose from SCN181880.

The trial court sentenced McRae to a determinate term of 3 years on count 1, plus 5 years for the serious felony prior and 3 years for the great bodily injury enhancement, for a total term of 11 years in prison. The court stayed execution of sentence on count 2 pursuant to section 654. The trial court struck McRae's prior strike conviction in the interests of justice pursuant to section 1385. In addition, the court stayed the prison prior that arose from the same case as the serious felony prior (SCN181880) pursuant to *People v. Jones* (1993) 5 Cal.4th 1142 (*Jones*).[2]

---

[1] Unless otherwise specified, all subsequent statutory references are to the Penal Code.

[2] The court also struck the punishment on the three remaining prison priors.

On appeal, McRae contends that the trial court erred, under *Jones*, *supra*,

5 Cal.4th at page 1153, in *staying*, rather than *striking* the prison prior that arose from

the same case as the serious felony prior (SCN181880). The People concede the error,

and request that we order the relevant prison prior enhancement stricken. We agree

with the People's concession. Accordingly, we remand the matter to the trial court with

directions to strike the prison prior enhancement and prepare a corrected abstract of

judgment.

## II.

## DISCUSSION[3]

*The trial court erred in failing to strike the one-year prison*
*prior enhancement that arose from SCN181880*

McRae contends that the trial court erred in failing to strike the one-year prison

prior enhancement (§ 667.5, subd. (b)) that arose from SCN181880. He contends that

the enhancement must be stricken because it arose from the same offense that formed

the basis of the trial court's imposition of a serious felony enhancement (§§ 667, subd.

(a)(1), 668, 1192.7, subd. (c)). The People agree.

In *Jones*, *supra*, 5 Cal.4th at page 1153, the California Supreme Court held that a

defendant cannot incur sentence enhancements under both sections 667 (serious felony)

and 667.5 (prison prior) based on a single prior conviction. The *Jones* court concluded

that where a five-year serious felony enhancement under section 667, subdivision (a)

---

3    We omit any discussion of the facts underlying McRae's convictions since those
facts are not relevant to the claim asserted on appeal.

and a one-year prison prior under section 667.5, subdivision (b) are imposed for the same prior conviction (see *Jones*, at pp. 1145-1146), the proper remedy is to remand the matter to "the trial court with directions to *strike* the one-year enhancement of defendant's sentence . . . under subdivision (b) of section 667.5." (*Id.* at p. 1153, italics added.)

At sentencing, the trial court imposed a five-year serious felony enhancement (§§ 667, subd. (a)(1), 668, 1192.7, subd. (c)) based on McRae's conviction in SCN181880. The court then stated, "[S]ince a prison prior . . . serves as the basis for the serious felony prior . . . the first prison prior[4] is *stayed* pursuant to [*Jones*] . . . ." (Italics added.)

We agree that, under *Jones*, the trial court erred in *staying*, rather than *striking*, the one-year prison prior enhancement (§ 667.5, subd. (b)) that arose from SCN181880.

---

4    The information listed the prison prior that arose from SCN181880 as the "First Prison Prior." (Capitalization altered.)

III.

DISPOSITION

The judgment is reversed with respect to the prison prior enhancement (§ 667.5, subd. (b)) premised on SCN181880. In all other respects, the judgment is affirmed. The matter is remanded to the trial court with directions to strike the prison prior enhancement (§ 667.5, subd. (b)) premised on SCN181880 and to prepare a corrected abstract of judgment and forward the corrected abstract to the Department of Corrections and Rehabilitation.

AARON, J.

WE CONCUR:

McCONNELL, P. J.

IRION, J.