Filed 9/27/16  P. v. Rubio CA3

### NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# THIRD APPELLATE DISTRICT

## (Glenn)

----

| | |
|---|---|
| THE PEOPLE, | C080311 |
| Plaintiff and Respondent, | (Super. Ct. No. 13NCR09625) |
| v. | |
| MARCELO RUBIO, JR., | |
| Defendant and Appellant. | |

Defendant Marcelo Rubio, Jr., was convicted of multiple theft offenses and admitted four prior prison term enhancement allegations.  Subsequent to sentencing, the trial court redesignated two of the prior convictions on which the prior prison term enhancements were based as misdemeanors.  On appeal, defendant contends the trial court erred in denying his motion to be resentenced by striking the enhancements based on that redesignation of the prior convictions as misdemeanors.  We conclude defendant is not entitled to resentencing on the prior prison term enhancements and affirm the trial court's order.

1

The People charged defendant with first degree residential burglary (Pen. Code, § 459),[2] conspiracy to commit a felony (§ 182, subd. (a)(5)), and misdemeanor possession of burglary tools (§ 466), and further alleged defendant had served four prior prison terms within the meaning of section 667.5, subdivision (b). The four prior prison terms were served for felony convictions of section 487.1 (case No. CM000457), sections 487 and 470 (case Nos. 00CR00024 and 00CR00009),[3] section 273.5, subdivision (a) (case No. 04NCR01172), and Health and Safety Code section 11352 (case No. 23323). A jury found defendant guilty of first degree burglary and misdemeanor possession of burglary tools. Defendant admitted the prior prison term enhancement allegations. The trial court sentenced defendant to an aggregate term of 10 years in state prison, including an additional one year term for each of the four prison term enhancements. This court affirmed defendant's convictions. (*People v. Rubio* (Oct. 24, 2014, C074476) [nonpub. opn.].)

In January 2015, under Proposition 47 codified in section 1170.18 and in response to a petition from defendant, the trial court redesignated defendant's convictions for sections 487 (case No. 00CR00024) and 470 (case No. 00CR00009) as misdemeanors. Defendant then filed a petition in this case to relieve him from two of his prior prison term enhancement sentences. The People opposed defendant's petition and the trial court denied resentencing. Defendant separately filed a motion to amend the abstract of

---

[1] Although both parties detail the factual and procedural history of the underlying convictions, those details are largely irrelevant to any issue raised on appeal and are therefore not recounted here.

[2] Undesignated statutory references are to the Penal Code.

[3] Although the information lists only one of these case numbers, the probation report indicates defendant was sentenced on these two cases concurrently. Together they represent only one of the four prior prison term enhancements.

judgment to reduce his sentence by two years as a result of the redesignation in case Nos. 00CR00009 and 00CR00024. The trial court denied the motion for an amended abstract and defendant appealed. A request for a certificate of probable cause was denied.

## DISCUSSION

Defendant contends the trial court erred in denying his motion to strike two of his prior prison term enhancements, because he successfully petitioned to have them reduced to misdemeanors. He argues that because his prior felony convictions have become misdemeanors "for all purposes" (§ 1170.18, subd. (k)), they can no longer be used to support a sentencing enhancement for prior felony convictions (§ 667.5, subd. (b)). This issue is currently pending before our Supreme Court. (*People v. Valenzuela* (2016) 244 Cal.App.4th 692, review granted Mar. 30, 2016, S232900.) While awaiting the high court's guidance, we conclude that defendant's contention lacks merit.

Initially, we note that although defendant claims the underlying convictions for two of his prior prison term enhancements were redesignated as misdemeanors, the record reflects that the two underlying convictions were separate cases, sentenced and served concurrently. That is, they were part of the same prior prison term and represent only one prior prison term enhancement.

Section 1170.18 provides, inter alia, that persons who have completed felony sentences for offenses that would now be misdemeanors under Proposition 47 may apply to have their felony convictions "designated as misdemeanors." (§ 1170.18, subd. (f).) "Any felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes." (§ 1170.18, subd. (k).)

3

The one-year prior prison term enhancement (§ 667.5, subd. (b)) is "an enhancement available for 'any felony' if the felon served time in prison for 'any felony' and showed an inability to reform." (*People v. Jones* (1993) 5 Cal.4th 1142, 1150.) When defendant was sentenced in the current case, the prior conviction at issue was a felony and he had served a prison sentence for that conviction. Section 1170.18 does not alter that fact.

Moreover, section 1170.18 contains no procedure for striking a prison prior merely because the felony underlying the enhancement has been reduced to a misdemeanor, and nothing in the language of the statute or in any authority cited by defendant indicates that the statute was intended to have such retroactive collateral consequences. Put simply, section 1170.18 does not address sentence enhancements at all.

For all of these reasons, we conclude defendant is not entitled to the relief he seeks.

## DISPOSITION

The order of the trial court is affirmed.

                                                BUTZ         , J.

We concur:

    BLEASE     , Acting P. J.

    RENNER     , J.

4