Filed 6/28/21  P. v. Rodriguez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LARRY WILLIAM RODRIGUEZ,<br><br>    Defendant and Appellant. | H046731<br>(Santa Clara County<br>Super. Ct. No. C1654170) |

A jury convicted defendant Larry William Rodriguez of assault with a deadly weapon and simple battery, and he was sentenced to prison.  He argues the judgment must be conditionally reversed to allow him to seek mental health diversion in the trial court under Penal Code section 1001.36.  He also notes an error in the abstract of judgment.  The People concede both points and we accept the concessions.  We will conditionally reverse the judgment and remand the matter to the trial court with directions to conduct a diversion eligibility hearing.

## I.    TRIAL COURT PROCEEDINGS

Defendant was charged with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)) and simple battery (Pen. Code, §§ 242, 243).  The information alleged defendant had one prior strike conviction (Pen. Code, § 667, subds. (b)–(i)), one prior serious felony conviction (Pen. Code, § 667, subd. (a)), and had served one prior prison term (Pen. Code, § 667.5, subd. (b)).  The charges were based on two incidents of domestic violence perpetrated by defendant against his father.  His father reported

defendant had mental health issues. (A detailed factual recitation is unnecessary given the nature of defendant's appellate arguments.)

A question arose as to defendant's competence to stand trial, and proceedings were temporarily stayed. (Pen. Code, §§ 1368–1370.) Defendant was found incompetent to stand trial in 2017 based on psychological evaluations that opined defendant was suffering from bipolar disorder, schizoaffective disorder, or an "unspecified schizophrenia spectrum and other psychotic disorder." The trial court found defendant restored to competence later that year, and the matter proceeded to a jury trial.

A jury found defendant guilty of the two charged offenses, and defendant admitted the three special allegations. Defendant was sentenced to nine years in prison, consisting of four years for assault with a deadly weapon (the low term, doubled because of the prior strike conviction; Pen. Code, §§ 245, subd. (a)(1), 667, subd. (e)(1)) and five years consecutive for the prior serious felony conviction (Pen. Code, § 667, subd. (a)). The trial court orally struck punishment for the prior prison term enhancement because it was based on the same conduct as the prior serious felony enhancement, but the abstract of judgment lists it as being stayed rather than stricken.

## II. DISCUSSION

### A. MENTAL HEALTH DIVERSION (PEN. CODE, § 1001.36)

The parties agree that we should conditionally reverse and remand the matter to allow the trial court to hold a mental health diversion hearing. Penal Code section 1001.36 allows for pretrial diversion for individuals diagnosed with qualifying mental disorders including, among other things, schizophrenia and psychosis. To qualify for diversion, a court must find that a defendant meets six criteria: the defendant suffers from a qualifying mental disorder; the disorder played a significant role in the commission of the charged offense; a qualified expert has opined that the defendant's symptoms are treatable; the defendant has consented to diversion and has waived his or her right to a speedy trial; the defendant agrees to treatment as a condition of diversion;

2

and the defendant does not pose an unreasonable risk of danger to public safety. (Pen. Code, § 1001.36, subd. (b)(1)(A)–(b)(1)(F).)  That section took effect about two weeks after defendant was convicted in this case.

In *People v. Frahs* (2020) 9 Cal.5th 618 (*Frahs*), the Supreme Court considered whether the mental health diversion statute applies retroactively to cases without a final judgment under the reasoning of *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), and whether the proper appellate remedy in such a case would be to conditionally reverse the judgment and remand the matter for a diversion hearing.  The Supreme Court concluded that *Estrada* applies to Penal Code section 1001.36, and affirmed the appellate court's "determination that defendant is entitled to a limited remand for the trial court to decide whether he should receive diversion under [Penal Code] section 1001.36." (*Frahs*, at p. 625.)

Because of the competency proceedings in this case, the record affirmatively shows that defendant suffers from a qualifying mental disorder.  Though psychiatric professionals were not entirely in agreement about defendant's diagnosis, they opined that he suffered from one or more of the following:  bipolar disorder, schizoaffective disorder, or an unspecified schizophrenia spectrum and other psychotic disorder. Defendant's mental health issues were serious enough that the trial court initially found defendant was not competent to stand trial.  On this record, defendant has made a prima facie showing of potential eligibility for mental health diversion and we accept the People's concession that a "conditional limited remand is appropriate for the trial court to conduct a mental health diversion eligibility hearing."  We express no opinion on whether defendant meets the statutory criteria for mental health diversion; that is to be determined by the trial court after considering evidence at the eligibility hearing.

### B.  PRIOR PRISON TERM ENHANCEMENT (PEN. CODE, § 667.5, SUBD. (B))

The parties agree that the abstract of judgment does not accurately reflect the trial court's oral pronouncement of sentence for the prior prison term enhancement.  At

sentencing, the trial court stated that because the "prior prison [term] enhancement and serious felony prior enhancement are based on the same conduct, the Court will strike the one-year prison prior count and enhancement. That's pursuant to Penal Code Section 667.5[, subdivision] (b), and that will be pursuant to *People vs. Jones*." Because those enhancements were based on the same conduct, the trial court was correct to strike the prior prison term enhancement. (*People v. Jones* (1993) 5 Cal.4th 1142, 1153.) We also note that the statute governing prior prison term enhancements has been narrowed since defendant's conviction to apply only to certain sexually violent offenses (Pen. Code, § 667.5, subd. (b)), such that defendant's prior burglary conviction no longer qualifies for the enhancement. Defendant is also entitled to that ameliorative change in the law since his case is not yet final on appeal. (*People v. Petri* (2020) 45 Cal.App.5th 82, 94.) We therefore accept the People's concession and will direct the clerk of the superior court to prepare a new abstract of judgment striking rather than staying punishment for the prior prison term enhancement (Pen. Code, § 667.5, subd. (b)), in the event the conviction and sentence are reinstated after the mental health diversion eligibility hearing.

### III.    DISPOSITION

The judgment is conditionally reversed and the matter is remanded with instructions to conduct a mental health diversion eligibility hearing (Pen. Code, § 1001.36). If the trial court finds that defendant suffers from a mental disorder, does not pose an unreasonable risk of danger to public safety, and otherwise meets the six statutory criteria (as nearly as possible given the postconviction posture of this case), the court may grant diversion. If defendant successfully completes diversion, the trial court shall dismiss the charges. However, if the trial court determines that defendant does not meet the criteria of Penal Code section 1001.36, or if defendant does not successfully complete diversion, then the conviction and sentence shall be reinstated. In the event the conviction and sentence are reinstated, the clerk of the superior court is directed to

4

prepare a new abstract of judgment striking rather than staying punishment for the prior prison term enhancement (Pen. Code, § 667.5, subd. (b)).

_____
Grover, J.

**WE CONCUR:**


_____
Elia, Acting P. J.



_____
Bamattre-Manoukian, J.



**H046731 -** *The People v. Rodriguez*