Filed 1/22/25  P. v. Rebollo CA4/2
See Concurring and Dissenting opinion

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082884 |
| v. | (Super.Ct.No. RIF077713) |
| MORRIS ADAM REBOLLO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.

Dismissed in part; Reversed in part and remanded with directions.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and

Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney

General, Charles C. Ragland, Assistant Attorney General, Melissa A. Mandel, Seth M.

Friedman and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and

Respondent.

1

<u>INTRODUCTION</u>

Defendant and appellant Morris Adam Rebollo appeals from a trial court's denial of relief under Penal Code[1] sections 1172.6 and 1172.75. He claims he established a prima facie case for relief under section 1172.6 and is entitled to the issuance of an order to show cause. He also contends the trial court erred in denying him a full resentencing under section 1172.75. We dismiss defendant's section 1172.6 claim as not ripe. However, we agree that he is entitled to a full resentencing under section 1172.75. We therefore reverse.

<u>PROCEDURAL BACKGROUND</u>

In 1997, a grand jury indictment charged defendant with murder (§ 187, count 1), kidnapping to facilitate the commission of a carjacking (§ 209.5, count 2), and carjacking (§ 215, count 3). With respect to count 1, the indictment alleged that defendant committed the murder while engaged in kidnapping (§ 190.2, subd. (a)(17)(B)) and carjacking (§ 190.2, subd. (a)(17)(L)). The indictment further alleged that defendant had a prior serious felony conviction (§ 667, subd. (a)), one prison prior (§ 667.5, subd. (b)), and two prior strike convictions (§§ 667, subds. (c), (e), 1170.12, subd. (c)).

On March 30, 2000, pursuant to a plea agreement, defendant pled guilty to all three counts and admitted the truth of the special circumstance and prior conviction

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

allegations.[2] The trial court sentenced him to prison for a determinate term of five years, followed by an indeterminate term of life without the possibility of parole (LWOP), consisting of LWOP on count 1 plus five years on the prior serious felony enhancement. The court imposed 25 years to life on counts 2 and 3, stayed under section 654, and it imposed and stayed one year on the prison prior.

On August 10, 2023, defendant filed a petition for resentencing pursuant to section 1172.6. He checked three boxes on the petition. One box stated that an information was filed against him that allowed the prosecution to proceed under a "theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine." The second box stated that he "accepted a plea offer in lieu of a trial at which [he] could have been convicted of murder or attempted murder." The third box stated he could not presently be convicted of murder or attempted murder because of the changes made to sections 188 and 189. Defendant attached a handwritten declaration to the petition, asserting that: (1) if he had gone to trial, the jury could have been instructed on the felony murder doctrine; (2) he did not directly cause the victim's death; (3) the felony murder rule does not apply "where the killing is committed by the victim"; and (4) he was not the actual killer as a matter of law.

---

[2] By order dated November 4, 2024, this court granted the People's Request for Judicial Notice (RJN), filed on October 30, 2024. (See fn. 4, *post*.)

A status conference hearing on the section 1172.6 petition was held on September 29, 2023, and the trial court granted a motion to continue the hearing to December 1, 2023. On November 27, 2023, the court received a letter from defendant inquiring about the status of his section 1172.6 petition. The court held an ex parte hearing on the letter and took no action. On December 1, 2023, the section 1172.6 hearing was continued to February 9, 2024.

After the enactment of Senate Bill No. 483 (2021-2022 Reg. Sess.), the California Department of Corrections and Rehabilitation (CDCR) identified defendant as an inmate who was serving a sentence that included a prison prior enhancement under section 667.5, subdivision (b), which might no longer be valid under section 1172.75.[3]

On October 2, 2023, the court held a hearing regarding recall and resentencing under section 1172.75, and it continued the matter to November 13, 2023. The hearing was continued again to December 18, 2023. It was then continued to December 27, 2023.

On December 27, 2023, the trial court held a resentencing hearing pursuant to section 1172.75.[4] Relying on *People v. Rhodius* (2023) 97 Cal.App.5th 38 (*Rhodius*),

---

[3] On our own motion, this court took judicial notice of the CDCR list dated June 16, 2022. Defendant is listed on page 26 of that document. (See order filed on November 15, 2024, and attached exhibits.)

[4] We note the minute order states, "Oral motion by Defense Re Strike prison prior is called for hearing." However, the proceedings were apparently initiated by the CDCR, as the matter was first calendared for a section 1172.75 hearing on October 2, 2023, without any reference to defendant having filed a motion pursuant to section 1172.75. Further, at the outset of the hearing, defense counsel noted the plea form did not indicate

*[footnote continued on next page]*

review granted Feb. 21, 2024, S283169, the court found that defendant did not fall within the ambit of section 1172.75 and denied him relief.

That same day, defendant filed a notice of appeal, in propria persona, appealing denial of relief under sections 1172.75 and 1172.6.

## DISCUSSION

### I. Defendant's Claim That He is Entitled to an Issuance of an Order to Show Cause is Not Ripe

Defendant claims he made a prima facie case for relief under section 1172.6 and is entitled to the issuance of an order to show cause. However, as he acknowledges, the "section 1172.6 petition was neither argued nor ruled on as to whether [he] established a prima facie case." Consequently, the People argue, and we agree, that this claim should be dismissed as not ripe.

"The ripeness requirement … 'prevents courts from issuing purely advisory opinions, or considering a hypothetical state of facts in order to give general guidance rather than to resolve a specific legal dispute." (*People v. Garcia* (2018) 30 Cal.App.5th 316, 328.)

Here, it is undisputed that no trial court has determined whether defendant has established a prima facie case under section 1172.6. (§ 1172.6, subd. (c).) Until the court

_____

that defendant admitted any of the prior conviction allegations; yet, the minute order and abstract of judgment indicated that he did. We asked the parties to address this issue in supplemental briefing. In response, the People asked us to take judicial notice of the reporter's transcript from the plea hearing, which demonstrates that defendant admitted the prior conviction allegations. (RJN, Exh. 1 pp. 2-12.)

5

holds a hearing to make this determination, any hypothetical error has yet to occur. Faced with only the *potential* for future error, we conclude defendant's claim is not ripe for appellate review. (See *People v. Cooks* (2023) 89 Cal.App.5th 1124, 1128.) Thus, we dismiss defendant's claim of error as to his section 1172.6 motion from the appeal.

## II. Defendant is Entitled to a Full Resentencing Hearing Under Section 1172.75

Defendant argues that he is entitled to a full resentencing under section 1172.75, although his prior prison enhancement was stayed. Citing *Rhodius*, *supra*, 97 Cal.App.5th 38, the People contend that he is not entitled to resentencing because his prior prison enhancement was stayed, not executed. However, the People argue that this court should strike the stayed prior prison enhancement because it was an unauthorized sentence to begin with. We conclude the court erred in finding defendant ineligible for relief under section 1172.75. Thus, we reverse the denial order and remand for a full resentencing hearing,

### A. *Standard of Review*

"The proper interpretation of a statute is a question of law we review de novo." (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) Our fundamental task in construing a statute "is to ascertain the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin our inquiry by examining the statute's words, giving them a plain and commonsense meaning." (*People v. Mendoza* (2000) 23 Cal.4th 896, 907.) "[W]e look to 'the entire substance of the statute . . . in order to determine the scope and purpose

6

of the provision . . . . [Citation.]'" (*Id*. at pp. 907-908.) "We must harmonize 'the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole.'" (*Id*. at p. 908.)

B. *Relevant Law*

Prior to January 1, 2020, section 667.5, subdivision (b), required a sentencing court to impose a one-year sentencing enhancement "for each prior separate prison term" served by the defendant, unless the defendant remained free of both the commission of a offense resulting in a felony conviction and from prison custody for a period of five years. (Former § 667.5, subd. (b).) This sentencing enhancement is commonly known as a prison prior enhancement.

Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) limited a sentencing court's ability to impose a prison prior enhancement only to those cases in which the defendant's past convictions were for certain specified sexually violent offenses. (Stats. 2019, ch. 590, § 1.)

In 2021, the Legislature approved Senate Bill No. 483 for the stated purpose of "ensur[ing] equal justice and address[ing] systemic racial bias in sentencing" by "retroactively apply[ing] . . . Senate Bill [No.] 136 . . . to all persons currently serving a term of incarceration in jail or prison for [a] repealed [prison prior] sentence enhancement[]." (Stats. 2021, ch. 728, § 1.) To achieve this objective, Senate Bill No. 483 added section 1171.1 to the Penal Code, a statutory provision that was subsequently renumbered to section 1172.75 without substantive change. (Stats. 2021, ch. 728, § 3;

7

Stats. 2022, ch. 58, § 12.) For purposes of this opinion, we will refer to this provision as section 1172.75.

Section 1172.75 prescribes the procedure for resentencing affected defendants. Subdivision (a) states, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a).) The Secretary of the CDCR and the county correctional administrator must first identify individuals serving terms that include no-longer-valid enhancements and then provide certain information about those individuals to the sentencing court that imposed the enhancement. (§ 1172.75, subd. (b).) Subdivision (c) instructs the court, upon receipt of such information, to "review the judgment and verify that the current judgment includes a sentencing enhancement described in [section 1172.75,] subdivision (a). If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

Section 1172.75, subdivision (d), outlines the procedure applicable to the resentencing proceeding. It states that "[r]esentencing . . . shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing . . . shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).) Subdivision

8

(d) requires the court to "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) It also directs the court to "consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

C. *Defendant is Entitled to a Full Resentencing*

The dispute here "centers around the meaning of the word 'imposed' as used in section 1172.75, subdivision (a), and, more specifically, whether a sentence enhancement pursuant to section 667.5, subdivision (b) that was imposed and stayed for a non-sexually-violent offense prior to January 1, 2020, is 'a sentencing enhancement described in subdivision (a)' of section 1172.75." (*People v. Christianson* (2023) 97 Cal.App.5th 300, 311 (*Christianson*), review granted Feb. 21, 2024, S283189, italics omitted.) The Courts of Appeal are divided on this question, and the issue is currently before the Supreme Court. (Compare *Christianson*, *supra*, 97 Cal.App.5th 300 [recall and resentencing is available when prison prior enhancement is imposed and stayed]; *People v. Saldana* (2023) 97 Cal.App.5th 1270 (*Saldana*), review granted Mar. 12, 2024, S283547 [same]; & *People v. Renteria* (2023) 96 Cal.App.5th 1276 [same], with

9

*People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169 [recall and resentencing is only available when prison prior enhancement is imposed and executed].) We generally agree with the *Christianson* decision, which in our view sets forth the correct statutory interpretation of section 1172.75. (See *Christianson*, at pp. 311-315.)

Section 1172.75, subdivisions (a) and (c), provide that a defendant currently serving time on a judgment which includes a section 667.5, subdivision (b) enhancement imposed before January 1, 2020, is entitled to a full resentencing hearing. The court in *Christianson* explicated that, "[o]n its face, the word 'imposed,' in this context, is at least somewhat ambiguous. As our high court has explained, 'it is important to understand that the word "impose" applies to enhancements that are "imposed and then *executed*" as well as those that are "imposed and then *stayed*. However, as a practical matter, the word 'impose' is often employed as shorthand to refer to the first situation, while the word 'stay' often refers to the latter.'"" (*Christianson*, *supra*, 97 Cal.App.5th at p. 311.) Despite this apparent ambiguity, the *Christianson* court rejected the People's claim that the Legislature intended the word "'imposed,'" as used in section 1172.75, to be limited to enhancements that were imposed *and executed*. (*Ibid.*)

Further, as the court explained in *Christianson*, "[s]ection 1172.75 requires the CDCR to identify all inmates 'currently serving a term *for a judgment that includes* an enhancement described in subdivision (a).' [Citation.] A judgment may include a sentence that has been imposed but suspended or stayed. [Citation.] Thus, by its plain

10

language, all that is required for the CDCR to identify an inmate under section 1172.75, subdivision (b) is for the enhancement to be included in the abstract of judgment, regardless of whether it is imposed or stayed. Had the Legislature intended for the language in subdivision (b) to limit the identification to those inmates that would necessarily be required to serve an additional term based on the enhancement, it certainly could have done so." (*Christianson*, *supra*, 97 Cal.App.5th at pp. 311-312.)

The court in *Christianson* noted that, "[t]he sentencing court must then '*verify* that *the current judgment includes a sentencing enhancement* described in subdivision (a).'" (*Christianson*, *supra*, 97 Cal.App.5th at p. 312; § 1172.75, subd. (c).) The court continued as follows: "At this point, the incorporation of subdivision (a) requires that the current judgment include a sentencing enhancement *imposed* pursuant to section 667.5, subdivision (b). However, the use of the word 'verify' suggests that the sentencing court is doing just that, verifying that the individual the CDCR identified is in fact an individual described by the statute, not looking to see if the inmate meets an additional requirement (i.e., that the enhancement is *imposed* and not stayed). It does not follow logic or reason to read these two subdivisions together in a manner that would require the CDCR to identify a larger class of inmates—all those serving time on a judgment that include a now invalid enhancement—only for the trial courts to then look at the same abstracts of judgment available to the CDCR to determine whether the previous court imposed additional time for, or stayed, the relevant enhancements." (*Christianson*, *supra*, 97 Cal.App.5th at p. 312.)

11

Finally, *Christianson* observed that the overarching "statutory scheme at issue here involves statutory amendments expressly aimed at *reducing* sentences by retroactively eliminating a sentencing enhancement described as exacerbating 'existing racial and socio-economic disparities in our criminal justice system.'" (*Christianson*, *supra*, 97 Cal.App.5th at p. 314.) The court noted that the resentencing procedures set forth in the statutory scheme promoted this legislative goal insofar as they "require that the trial court conduct a full resentencing for those defendants impacted by the now invalid enhancement in light of all associated sentencing reform." (*Ibid.*) Given this legislative objective, the *Christianson* court inferred that the Legislature presumably "intended to provide broad relief to all defendants impacted by the now invalid section 667.5, subdivision (b) enhancements." (*Ibid.*)

We note that we respectfully disagree with one portion of *Christianson*. Acknowledging that section 1172.75, subdivision (d)(1), requires a trial court to impose a lesser sentence than originally imposed, *Christianson* rejected the notion that removing a stayed term does not result in a lesser sentence. (*Christianson*, *supra*, 97 Cal.App.5th at p. 312.) Rather, the court concluded that even a stayed term has potential consequences to a sentence since the trial court "retains the ability to lift the stay and impose the term under certain circumstance[s], such as if an alternately imposed term is invalidated." (*Ibid.*; accord, *Saldana*, *supra*, 97 Cal.App.5th at p. 1278 [stayed enhancement is part of sentence and remains available if its execution becomes necessary].) We disagree with this conclusion since a prison prior that was imposed before 2020, and was not for a

12

sexually violent offense, is now legally invalid under section 1172.75, subdivision (a); thus, a court has no ability to lift a stay and impose such prison prior in the future.

In any event, in the instant case, there is no dispute defendant was serving time on a judgment which includes a section 667.5, subdivision (b) enhancement that was not for a sexually violent offense. Section 1172.75 expressly provides that if a "current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) Applying *Christianson* here, defendant is entitled to a recall and full resentencing under section 1172.75. (§ 1172.75, subds. (a) & (c); see *Christianson*, *supra*, 97 Cal.App.5th at pp. 314-315.) "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402; see *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances'"].) At resentencing, the court shall "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing" (§ 1172.75, subd. (d)(2) and consider "postconviction factors" mitigating against continued incarceration (§1172.75, subd. (d)(3)).

The People ask us to follow *Rhodius*, *supra*, 97 Cal.App.5th 38, which held that the express language in section 1172.75, subdivision (d)(1), requiring the resentencing to

13

"result in a lesser sentence than the one originally imposed as a result [of] the elimination of the repealed enhancement," combined with the legislative history behind the enactment of Senate Bill Nos. 136 and 483, require the conclusion that section 1172.75 does not invalidate prior prison term enhancements that were imposed but stayed. (*Rhodius*, at pp. 43-49.) *Rhodius* reasoned as follows: "Section 1172.75 subdivision (d)(1)'s requirement that the resentencing shall result in a lesser sentence than the one originally imposed necessitates the conclusion that the repealed enhancement increased the length of the sentence. The only way for the repealed enhancement to have increased the length of a sentence is for the enhancement to have been imposed and executed. If the repealed enhancement was imposed and stayed, the sentence would not have been increased, as was the case here." (*Id*. at p. 44.)

Although *Rhodius* was thoughtfully decided, we respectfully disagree with it. Rather, we agree with *Christianson's* conclusion that section 1172.75 applies to cases in which the inmate's abstract of judgment includes a section 667.5, subdivision (b) enhancement "regardless of whether it is imposed or stayed." (*Christianson*, *supra*, 97 Cal.App.5th at pp. 305, 312.)

Under *Rhodius*, the word "imposed" in section 1172.75, subdivision (a) means "imposed and executed." Thus, the "imposed and stayed" prior convictions in that case were not "imposed" within the meaning of section 1172.75 subdivision (a). If that interpretation is correct, then the prison prior convictions would not be legally invalid,

14

and the trial court should not have struck them.[5]  Yet, the trial court in *Rhodius* did strike them, strongly implying their invalidity, and the *Rhodius* court affirmed the trial court's action.  In our view, section 1172.75 either applies or does not apply.  The authority to strike the prior convictions comes only where section 1172.75 applies.

We also note that *Rhodius* is distinguishable since the court there "*vacated* the sentence for defendant's two section 667.5(b) priors and ordered them stricken." (*Rhodius*, *supra*, 97 Cal.App.5th at p. 41, italics added.)  Thus, the only issue was whether the court was required to give the defendant] "a full resentencing hearing going beyond striking his two priors." (*Ibid*.)  In contrast, the court here did not vacate defendant's prison prior enhancement at the resentencing hearing.  Thus, the matter must be remanded for the court to vacate the prison prior and fully resentence defendant pursuant to section 1172.75, subdivisions (c) and (d).

Although the length of sentence does not change when a trial court vacates a now invalid prior conviction, the defendant, nevertheless, receives a significant benefit.  To the extent the abstract of judgment will no longer show the prison prior conviction, the consequences of defendant's convictions are reduced.  As result of the court's action, the case will no longer reflect the prior conviction if a court assesses the appropriate disposition in any future case or on a violation of parole or probation on the current case.

Finally, a careful review of section 1172.75 reveals that the statute contains language favorable to an interpretation consistent with that taken by *Rhodius*, and it also

---

[5]  This assumes the judgment was final as of January 1, 2020, as Senate Bill No. 136 on its own is not retroactive to final judgments.

contains language favorable to an interpretation consistent with that taken in *Christianson*. We agree with the court in *People v. Espino* (2024) 104 Cal.App.5th 188, 198, review granted October 23, 2024, S286987, that under the rule of lenity, where the Legislature's intent cannot be determined, courts must prefer the interpretation that is most favorable to defendants.

In sum, we conclude the trial court erred in finding defendant ineligible for relief. The CDCR properly identified him as a person in custody "currently serving a term for a judgment that includes an enhancement described in [section 1172.75,] subdivision (a)." (§ 1172.75, subd. (b)). He was therefore entitled to a recall of his sentence and a full resentencing under the terms of section 1172.75, which would include the application of "any other changes in law that reduce sentences or provide for judicial discretion" (§ 1172.75, subd. (d)(2)) and consideration of "postconviction factors" militating against continued incarceration (§ 1172.75, subd. (d)(3)).

We acknowledge the People's claim that this court should simply strike the stayed prior prison enhancement, not because section 1172.75 invalidated it, but "because it was an unauthorized sentence to begin with." They contend that, since the section 667.5, subdivision (b) prior prison enhancement was based on the same underlying offense as his section 667, subdivision (a), prior serious felony enhancement, and the court imposed five years on the latter enhancement, it "thus had to strike the section 667.5(b) enhancement." (See *People v. Jones* (1993) 5 Cal.4th 1142, 1150 ["the most reasonable reading of subdivision (b) of section 667 is that when multiple statutory enhancement

16

provisions are available for the same prior offense, one of which is a section 667 enhancement, the greatest enhancement, but only that one, will apply"].) However, the unauthorized nature of the sentence does not affect the analysis and conclusion that section 1172.75 mandates striking the now invalid prior prison enhancement and *also* requires that defendant receive a full resentencing. (See *Christianson*, *supra*, 97 Cal.App.5th at pp. 316-317.)

## DISPOSITION

The denial order is reversed, and the matter is remanded to the trial court with instructions to recall defendant's sentence and conduct a full resentencing proceeding pursuant to section 1172.75, subdivisions (c) and (d).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

I concur:

CODRINGTON
Acting P. J.

17

[*People v. Rebollo*, E082884]

MENETREZ, J., Concurring and Dissenting.

I concur in the dismissal of the appeal concerning defendant's petition under Penal Code section 1172.6. But I agree with *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169, that the word "imposed" in subdivision (a) of Penal Code section 1172.75 means "imposed and executed." I therefore would affirm the order denying relief under Penal Code section 1172.75, so I respectfully dissent in part.

MENETREZ

J.

1