Filed 3/17/26  P. v. Baul CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B344981 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA063524) |
| v. | |
| JOEL BAUL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Neetu S. Badhan-Smith, Judge.  Reversed and remanded.

Jake E. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Chelsea Zaragoza, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Joel Baul (defendant) appeals from the denial of resentencing relief pursuant to Penal Code[1] section 1172.75.  Defendant contends, and the People agree, the resentencing court erroneously relied on a previously stricken enhancement for a sexually violent offense, as well as an unalleged prior conviction for a sexually violent offense in finding defendant ineligible for resentencing.  The record establishes error.  We therefore reverse and remand.

## BACKGROUND[2]

In 2009, the People charged defendant with carjacking (§ 215, subd. (a); count 1), assault with a deadly weapon (§ 245, subd. (a)(1); counts 2 & 5), assault with intent to commit rape (§ 220, subd. (a); count 3), and second degree robbery (§ 211; count 4).  The People also alleged defendant personally used a deadly and dangerous weapon during the commission of counts 1 and 4 (§ 12022, subd. (b)(1)).  It was further alleged defendant served three prior prison terms within the meaning of section 667.5, subdivision (b) and suffered two prior serious felony convictions within the meaning of section 667, subdivision (a)(1).  Finally, it was alleged defendant suffered two prior strike convictions pursuant to the "Three Strikes" law (§§ 1170.12, subds. (a)–(d), 667, subds. (b)–(i)).

Following a jury trial, defendant was convicted as charged, with the exception being he was convicted of attempted robbery

---

[1] All further undesignated statutory references are to the Penal Code.

[2] Because the facts of the underlying offense are not relevant to the instant appeal, we omit them.

(§§ 211, 664) in count 4. The jury found true the allegations that (1) defendant had served three prior prison terms (§ 667.5, subd. (b)) for a 1981 rape (former § 261(2)) in case No. A620492, a 1990 robbery (§ 211) in case No. SA004025,[3] and petty theft (§ 666) in case No. LA044653; (2) defendant had been convicted of two serious felonies (§ 667, subd. (a)(1)) for the same 1981 rape and 1990 robbery; and (3) defendant had previously been convicted of six prior strike convictions within the meaning of the Three Strikes law.

The trial court sentenced defendant to state prison for a total of 119 years to life as a third strike defendant. In count 1 (carjacking), the trial court imposed the high term of nine years tripled, or 27 years, with a one-year enhancement for the weapon use, 10 years for two 5-year priors, and three years for three 1-year priors for a total of 41 years to life. In count 3 (assault with intent to commit rape), the trial court imposed a consecutive term of 25 years to life with one year for the weapon use, 10 years for two 5-year priors, and three years for three 1-year priors for a total of 39 years to life. In count 4 (robbery), the trial court imposed a consecutive term of 25 years to life, with one year for the weapon use, 10 years for two 5-year priors, and three years for three 1-year priors for a total of 39 years to life. The trial court stayed sentences of 38 years to life in counts 2 and 5 under section 654.

On direct appeal, pursuant to *People v. Jones* (1993) 5 Cal.4th 1142, this court modified the judgment to strike two of the three prior prison term enhancements imposed in counts 1

---

[3]     In 1990, in case No. SA004025 defendant was convicted of rape and robbery. However, the People alleged only a prior prison term enhancement for the robbery conviction in SA004025.

3

through 5 because they were also used to enhance defendant's sentence pursuant to section 667, subdivision (a)(1). (*People v. Baul* (Apr. 2, 2012, B225051) [nonpub. opn.].)  Specifically, the section 667.5, subdivision (b) enhancements stemming from the 1990 robbery conviction and the 1981 rape conviction were stricken, and, as a result, only the five 1-year prison prior enhancements stemming from defendant's section 666 petty theft conviction remained.  The judgment was otherwise affirmed. (*People v. Baul, supra*, B225051.)

In 2022, defendant was identified as an individual eligible for resentencing pursuant to section 1172.75.[4]  The trial court appointed counsel for defendant who filed a motion for resentencing.  The People opposed resentencing beyond striking the now-invalid enhancements.

In 2025, a hearing on the motion was held during which the trial court found defendant was ineligible for resentencing relief pursuant to section 1172.75.  The court pointed to the information that alleged a prior prison term enhancement for a 1981 rape conviction as well as the fact that defendant also suffered a rape conviction from "the '90s."  Because rape is a sexually violent offense as defined in Welfare and Institutions Code section 6600, and Penal Code section 1172.75, subdivision (a) excludes from relief any prior prison term enhancement imposed for a sexually violent offense, the court denied relief.

Review of the record reveals neither the court nor the parties discussed that defendant's prior prison term

---

[4]  Many of the minute orders from proceedings in the superior court refer to former sections 1171 and 1171.1.  On July 1, 2022, former sections 1171 and 1171.1 were renumbered to sections 1172.7 and 1172.75, respectively, without substantive change.

4

enhancement for the 1981 rape conviction had been stricken or that such an enhancement for the 1990 rape conviction was never alleged.[5]

Defendant timely appealed.

## DISCUSSION

I. **The trial court erred by using defendant's stricken enhancement for his 1981 rape conviction as well as defendant's unalleged 1990 rape conviction as the basis to deny relief pursuant to section 1172.75**

A. *1981 rape conviction and stricken enhancement*

The parties agree the trial court improperly relied on a stricken section 667.5, subdivision (b) enhancement stemming from defendant's 1981 rape conviction in denying resentencing relief pursuant to section 1172.75. We also agree.

"Section 1172.75, subdivision (a) invalidates '[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code.'" (*People v. Green* (2024) 104 Cal.App.5th 365, 370 (*Green*).) Section 261 (rape) is listed as a sexually violent offense in Welfare and Institutions Code section 6600, subdivision (b).

However, "a stricken enhancement cannot be a 'sentence enhancement that was imposed' under section 1172.75, subdivision (a)." (*People v. Tang* (2025) 109 Cal.App.5th 1003,

---

[5]      The resentencing court noted defendant's sentence had been "amended in 2014" by "taking 10 years off for the 5[-]year prior, and the 1[-]year prior and is, now, at 109 years."

5

1007.)  As noted, this court struck the section 667.5, subdivision (b) enhancement stemming from defendant's 1981 rape conviction.  As such, it may not serve as the basis for denying resentencing relief under section 1172.75.

### B.  *1990 rape conviction*

The parties also agree the trial court improperly relied on defendant's 1990 rape conviction as a basis for denying him section 1172.75 resentencing relief.  Again, we agree.

In 1990, in case No. SA004025, defendant was convicted of both rape and robbery.  However, for purposes of the current case, the prosecution only alleged a prior prison term enhancement for the 1990 robbery, not the rape.  The allegation was found true and the enhancement for the prior prison term stemming from the robbery was imposed.  Because the enhancement was for robbery, "the section 667.5, subdivision (b) enhancement which became part of [defendant's] sentence was not 'imposed for' his conviction of a sexually violent offense as required by the plain terms of section 1172.75." (*Green, supra*, 104 Cal.App.5th at p. 371.)  Because a one-year prior prison term enhancement was not alleged, proved, or imposed for the 1990 rape conviction, it may not be used to deny defendant resentencing relief pursuant to section 1172.75.[6]

---

[6]  Furthermore, as discussed, the enhancement imposed for the prior prison term stemming from the 1990 robbery conviction was stricken by this court on direct appeal.  (See *People v. Tang, supra*, 109 Cal.App.5th at p. 1007 ["a stricken enhancement cannot be a 'sentence enhancement that was imposed' under section 1172.75, subdivision (a)"].)

6

Having concluded the court erred in finding defendant ineligible for relief, we remand for further resentencing proceedings pursuant to section 1172.75.

## II. The abstract of judgment must be amended to reflect the correct number of imposed section 667.5, subdivision (b) enhancements

As discussed, in 2012, this court ordered defendant's judgment modified to strike 10 of his 15 prior prison term enhancements and ordered the abstract of judgment amended to reflect the change. (*People v. Baul, supra*, B225051.) An amended abstract of judgment filed on September 28, 2018, reflected just such a change.

During the March 14, 2025 proceedings in the superior court, the court also addressed a motion by defendant to vacate his remaining restitution fines. The court granted defendant's request pursuant to section 1465.9, subdivision (b)[7] and ordered the abstract of judgment amended. A new abstract of judgment issued on July 31, 2025, reflected the change to defendant's restitution; however, it also listed eight of the 10 previously stricken prior prison term enhancements. This is a clerical error. The abstract of judgment should list imposition of five 1-year enhancements—one on each count—for defendant's prior prison term served in connection with his 2004 petty theft conviction in

---

[7] Section 1465.9, subdivision (b) provides, "On and after January 1, 2022, the balance of any court-imposed costs pursuant to Section 1001.15, 1001.16, 1001.90, 1202.4, 1203.1, 1203.1ab, 1203.1c, 1203.1m, 1203.4a, 1203.9, 1205, 1214.5, 2085.5, 2085.6, or 2085.7, as those sections read on December 31, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated."

case No. LA044653. "Courts may correct clerical errors at any time . . . ." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

Because the abstract of judgment incorrectly lists eight of defendant's previously stricken section 667.5, subdivision (b) enhancements, we direct the trial court to amend the abstract of judgment to reflect imposition of five prior prison term enhancements to conform with this court's 2012 opinion in *People v. Baul, supra*, B225051.

## DISPOSITION

The judgment on resentencing is reversed. The matter is remanded to the trial court with directions to conduct a full resentencing hearing pursuant to section 1172.75. The trial court is also directed to correct the abstract of judgment to reflect imposition of five enhancements pursuant to section 667.5, subdivision (b) and to forward a certified copy to the Department of Corrections and Rehabilitation.


CHAVEZ, J.


We concur:


LUI, P. J.


RICHARDSON, J.

8